UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL BLEDSOE, | No. 2:18-cv-2710 KJN P |
| Plaintiff, | |
| v. | ORDER |
| SAN JOAQUIN JAIL, et al., | |
| Defendants. | |

Plaintiff is a former county jail inmate, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's amended complaint is now before the court.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1 | Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2 | indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3 | 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
4 | pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5 | Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's Claims

Plaintiff alleges that defendants Deputy District Attorney Stacy Derman, her supervisor Robert Himelblau, and Public Defender Christina Martinez violated plaintiff's Constitutional rights by, *inter alia*, failing to timely hold a preliminary hearing, requiring plaintiff to undergo competency proceedings, misadvising plaintiff about jail time and alternative programs, resulting in his allegedly false imprisonment. Plaintiff claims that Sgt. Martinez planted evidence on plaintiff resulting in plaintiff receiving extra jail time, and that it was done in retaliation for plaintiff writing excessive jail grievances. Plaintiff claims Lt. Leatuge withheld plaintiff's grievances and was racially biased in plaintiff's disciplinary review. Plaintiff claims he suffered physical and mental abuse under racial slurs about plaintiff's religion. Sgt. Christen called plaintiff a "jay cat" "(Krazy)." (ECF No. 7 at 7, 8.) Plaintiff seeks money damages.

Discussion

First, in the court's prior screening order, plaintiff was informed that he may properly assert multiple claims only against a single defendant, or may join multiple defendants in one

action where the claimed violations arose out of the same transaction, occurrence, or series of transactions and occurrences, and any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2). In his amended complaint, plaintiff has again named multiple defendants based on unrelated incidents. Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Second, as plaintiff was also previously informed, his allegations against the district attorney, her supervisor, and plaintiff's public defender are unavailing. (ECF No. 6 at 5.) Plaintiff's public defender does not act under color of state law within the meaning of 42 U.S.C. § 1983; thus plaintiff cannot state a cognizable federal civil rights claim against the public defender. Polk County v. Dodson, 454 U.S. 312, 320-25 (1981). The district attorney and her supervisor are entitled to absolute prosecutorial immunity. See Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009) (state prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity); Imbler v. Pachtman, 424 U.S. 409, 427, 430-31 (1976) (holding prosecutors absolutely immune from civil suits for damages under § 1983 for initiating criminal prosecutions and presenting cases); Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities."). Because plaintiff cannot amend to state cognizable claims against such individuals, plaintiff is not granted leave to renew such claims in any second amended complaint.

Also, to the extent plaintiff wishes to challenge his criminal conviction, he must do so through a petition for writ of habeas corpus. As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).

Third, plaintiff's challenges concerning the handling of his jail grievances are not cognizable. The Due Process Clause protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S.

209, 221 (2005). However, plaintiff has no stand-alone due process rights related to the administrative grievance process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). A prison official's denial of a grievance does not itself violate the constitution. Evans v. Skolnik, 637 Fed. Appx. 285, 288 (9th Cir. 2015), cert. dism'd, 136 S. Ct. 2390 (2016). Thus, the denial, rejection, or cancellation of a grievance does not constitute a due process violation. See, e.g., Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). Plaintiff should not renew his claims concerning withheld grievances or other alleged mishandling of his grievances in any amended pleading.

Similarly, plaintiff's claims of name-calling do not rise to the level of a civil rights violation. Allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). Nor are allegations of mere threats cognizable. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result). In addition, claims of negligence or "culpable negligence" do not rise to the level of a Constitutional violation.

////

Fourth, plaintiff may be able to state a cognizable retaliation claim against Sgt. Martinez. "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison or jail context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). However, in his amended complaint, plaintiff failed to address all of the elements required to state a cognizable retaliation claim. In an abundance of caution, plaintiff is granted leave to file an amended complaint addressing his retaliation claim against Sgt. Martinez.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how Sgt. Martinez retaliated against plaintiff, addressing each element under Rhodes.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.[1] See Fed. R. Civ. P. 20(a)(2). Plaintiff is cautioned that his continued violation of court orders may result in the involuntary dismissal of this action. Fed. R. Civ. P. 41(b).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

---

[1] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed;

2. Plaintiff is granted leave to file a second amended complaint solely as to his retaliation claim against defendant Sgt. Martinez; and

3. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint.

Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: July 17, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bled2710.14amd