UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL BLEDSOE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAN JOAQUIN JAIL, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-2710 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. On November 26, 2019, plaintiff filed a completed USM-285 form, claiming that because the U.S. Marshal office is "backloaded," plaintiff had a personal assistant help serve defendant Martinez. (ECF No. 17.)

Rule 4(e) provides:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual -- other than a minor, an incompetent person, or a person whose waiver has been filed -- may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Plaintiff's filing is insufficient to demonstrate that service of process on defendant Martinez was properly accomplished. On the form, plaintiff noted that service was done "under camera surveillance County Jail Civil Division Dept," and "verified by inside cameras Mexican lady Ering [sic] in mouth." (ECF No. 17 at 1.) Such comments fail to show plaintiff's personal assistant complied with the provisions of Rule 4(e).

In addition, the form provided by plaintiff is wholly ineffective to prove service of process. Fed. R. Civ. P. 4(l) (Affidavit required; "proof of service must be made to the court.") Because the noted efforts of plaintiff's personal assistant were ineffective to accomplish valid service of process, plaintiff may not rectify the failure to comply with Rule 4(l) by simply providing an amended proof of service unless the assistant otherwise accomplished valid service of process in compliance with the provisions of Rule 4(e).

The order requiring the U.S. Marshal to effect service of process (ECF No. 15) remains in effect. Thus, at present, no further order is required; plaintiff is not required to effectuate service.

Accordingly, IT IS HEREBY ORDERED that plaintiff's November 26, 2019 filing (ECF No. 17) is placed in the court file and disregarded.

Dated: December 17, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bled2710.inef