UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL BLEDSOE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SGT. MARTINEZ, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-2710 KJN P<br><br><br><br>ORDER |

I. Introduction

　　　Plaintiff is a former county jail inmate, who proceeds without counsel and in forma pauperis, in this civil rights action filed under 42 U.S.C. § 1983. This case proceeds on plaintiff's second amended complaint alleging a First Amendment claim of retaliation against defendant Sgt. Martinez. Presently pending is the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by defendants Martinez and the County of San Joaquin, and noticed for hearing on January 30, 2020. Defendants argue that plaintiff's pleading is "unintelligible," and then proceeds to address theories of "false imprisonment" and plaintiff's alleged failure to set forth any basis for relief against the County. Plaintiff timely filed an opposition.

　　　Because oral argument is not of material assistance, the hearing is vacated, and this matter is submitted on the briefs. E.D. Cal. L.R. 230(g). Upon review of the documents in support and opposition, and good cause appearing therefor, defendants' motion is denied.

1

II. <u>Motion to Dismiss: Legal Standards</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969); <u>Meek v. County of Riverside</u>, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. <u>Hal Roach Studios v. Richard Reiner & Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." <u>Lazy Y Ranch Ltd. V. Behrens</u>, 546 U.S. F.3d 580, 588 (9th Cir. 2006).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. <u>Ivey v. Bd. of Regents of Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).

III. Discussion

It appears that defendants did not read the court's screening order, issued September 4, 2019, before drafting the pending motion. Rather, their motion is directed toward the appended amended complaint referencing plaintiff's other case, 2:18-cv-2756 JAM EFB, which the court directed the parties to disregard. (ECF No. 12 at 2.) In addition, the court specifically found that plaintiff included no charging allegations as to the San Joaquin County Jail, so this case proceeds solely as to defendant Sgt. Martinez. (ECF No. 12 at 1 n.1.)

The court did not find that plaintiff stated a cognizable false imprisonment claim. In screening plaintiff's second amended complaint, the court specifically found that plaintiff alleges that Sgt. Martinez violated plaintiff's First Amendment rights by retaliating against plaintiff for filing a grievance against Martinez. In their factual summary, defendants acknowledge plaintiff's retaliation claim, and preface it by stating "without factual specificity," but did not move to dismiss plaintiff's retaliation claim. (ECF No. 18-1 at 2.) Upon review of the operative pleading, the court again finds that plaintiff has addressed all of the elements of a retaliation claim, and does state a potentially cognizable retaliation claim against defendant Martinez.

That said, in his opposition to the motion, plaintiff insists he is pursuing a false imprisonment claim against defendant Martinez based on federal law, and references allegations against other individuals not named as defendants herein.[1] Specifically, plaintiff claims he was subjected to ten extra days' incarceration in the jail as a result of defendant Martinez planting false evidence on plaintiff. Plaintiff recounts his efforts to exhaust his challenge to the discipline, referring to "discipline appeal incident # 17-10877 BK. 16-20635," but plaintiff includes no factual allegations connecting defendant Martinez to the disciplinary order imposing an additional ten-day period of incarceration. (ECF No. 20 at 1.) For example, if plaintiff was subject to an additional ten days as a result of a jail disciplinary, plaintiff alleges no facts connecting defendant

---

[1] The court notes that some of these individuals, for example, Stacy Derman and Christina Martinez, were already dismissed from plaintiff's other civil rights action, Bledsoe v. Guiliani, No. 2:19-cv-2349 TLN CKD (E.D. Cal.), because they are immune from suit. Id. (ECF No. 4 at 3-6; ECF No. 7.) Therefore, plaintiff may not renew such claims in this action. Moreover, if plaintiff wishes to challenge his conviction, he must do so through a petition for writ of habeas corpus under 28 U.S.C. § 2254.

3

Martinez to such disciplinary.[2]  Further, plaintiff alleges no facts demonstrating that the hearing officer at any hearing on such jail disciplinary was aware that the evidence was planted by Martinez.  Thus, it is unclear whether plaintiff can state a cognizable civil rights claim against defendant Martinez based on a claim for damages for excessive custody.

The second amended complaint wholly fails to address such issues and therefore does not state a cognizable claim for false imprisonment or excessive custody under federal law. Moreover, in light of the court's screening order, and the fact that plaintiff has already amended his complaint on several occasions, plaintiff must file a motion to amend and append a proposed amended complaint if he wishes to attempt to state such a claim against defendant Martinez.  Fed. R. Civ. P. 15(a).

Plaintiff also claims his constitutional rights were violated during the grievance process. (ECF No. 20 at 3-4.)  The Due Process Clause protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  However, plaintiff has no stand-alone due process rights related to the administrative grievance process.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated because defendant failed to properly process grievances).  "Because there is no right to any particular grievance process, it is

---

[2] The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

4

impossible for due process to have been violated by ignoring or failing to properly process prison [or jail] grievances." Daniels v. Aguillera, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018). Thus, plaintiff cannot state a cognizable civil rights claim based on the alleged failure to file plaintiff's administrative grievances.

In his opposition, plaintiff also alleges that defendant Martinez and the County Jail violated RICO. However, under plaintiff's allegations, no private right of action exists. In other words, plaintiff cannot personally assert any of the criminal claims alleged in his opposition. See Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979) (holding that a private right of action under a criminal statute has rarely been implied); Vikco Ins. Servs., Inc. v. Ohio Indemnity Co., 70 Cal. App. 4th 55, 62 (1999) (finding that a private right of action under a criminal statute exists only where the Legislature has made clear through the statute or its history that it intended to do so). In the event plaintiff files a motion to amend, he should not include such allegations therein.

IV. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. The January 30, 2020 hearing is vacated;

2. Defendants' motion to dismiss (ECF No. 18) is denied; and

3. Defendant Martinez shall file a responsive pleading within fourteen days from the date of this order.

Dated: January 24, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/bled2710.mtd.12b6