UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL BLEDSOE, SR.,<br><br>  Plaintiff,<br><br>  v.<br><br>SGT. MARTINEZ, et al.,<br><br>  Defendants. | No. 2:18-cv-2710 KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, with this civil rights action seeking relief pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's claim in his second amended complaint that defendant Sgt. Martinez violated plaintiff's First Amendment rights by retaliating against plaintiff for filing a grievance against Martinez. (ECF No. 12 at 1.) On February 7, 2020, plaintiff filed a document styled, "Motion to Amend and Append Proposed Amended Complaint." (ECF No. 27.) On February 10, 2020, plaintiff filed a document styled, "Objection," in which he states he wishes to reduce the amount of damages sought. (ECF No. 28.) It appears plaintiff attached a copy of his February 7, 2020 filing. (ECF No. 28 at 2-27.)

First, plaintiff failed to append a proposed third amended complaint. As a prisoner, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915A. Because plaintiff did not submit a proposed third amended complaint, the court is unable to evaluate it.

Second, because plaintiff previously amended his complaint, and his prior attachments to his proposed amended complaint have confused the record (see ECF Nos. 11 at 5, 12 at 2), plaintiff is required to file any proposed third amended complaint on the form complaint provided by the court. Plaintiff must clearly identify the individuals he intends to name as defendants as well as the alleged constitutional violations. Any proposed third amended complaint shall include plaintiff's factual allegations; he is not required to cite any legal authorities.

Third, plaintiff shall refrain from appending documents that he previously filed with the court. Court filings are retained in the court record and may be referred to by any party. It is not necessary to re-submit or append prior court filings. That said, the court cannot refer to a prior pleading in order to make plaintiff's proposed third amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original or prior complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Thus, if plaintiff is granted leave to file a third amended complaint, the second amended complaint would no longer serve any function in the case. Therefore, if plaintiff decides to renew his motion to amend, each claim and the involvement of each defendant must be sufficiently alleged in his proposed third amended complaint.

Finally, plaintiff is not required to append exhibits to any proposed third amended complaint. While exhibits are permissible, they are not necessary in the federal system of notice pleading. See Fed. R. Civ. P. 8(a), 10(c). Also, it is not the court's duty to review exhibits to determine whether or not plaintiff has stated cognizable claims under § 1983. Rather, the court looks to the factual allegations contained in the complaint to determine whether or not plaintiff has stated a cognizable claim for relief. Exhibits should not be submitted where (1) they serve only to confuse the record and burden the court, or (2) they are intended as future evidence. If this action reaches a point where the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), plaintiff will have the opportunity at that time to submit his evidence.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend (ECF No. 27) is denied without prejudice; if plaintiff chooses to renew his motion to amend, such motion must be accompanied by a proposed third amended complaint using the court's form; and

2. The Clerk of the Court shall send plaintiff the civil rights complaint form for prisoners.

Dated: February 19, 2020

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bled2710.10b