1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DONNELL BLEDSOE,                              No. 2:18-cv-2710 KJN P

12                 Plaintiff,

13          v.                                      ORDER AND FINDINGS AND
                                                    RECOMMENDATIONS
14    SGT. MARTINEZ,

15                 Defendant.

16

17          Plaintiff is a former county inmate, proceeding without counsel. This action proceeds on

18    plaintiff's second amended complaint in which he alleges Sgt. Martinez retaliated against plaintiff

19    for filing a grievance against Martinez at the San Joaquin County Jail. On August 10, 2020, the

20    case did not settle. Therefore, the stay of this action (ECF No. 31) is lifted.

21          Plaintiff's motion to file a third amended complaint is before the court. As discussed

22    below, the undersigned recommends that the motion be denied.

23    I. Background

24          This action was filed on October 5, 2018. Plaintiff's original complaint was dismissed

25    with leave to amend, and plaintiff filed a first amended complaint on November 26, 2018.

26    Plaintiff's first amended complaint was dismissed, and plaintiff was granted leave to file a second

27    amended complaint solely as to his retaliation claim against defendant Martinez. On February 5,

28    ////

1    2020, defendant Martinez filed an answer.  Shortly before this case was stayed pending referral

2    for settlement, plaintiff sought leave to file a third amended complaint.

3    II.  Proposed Amendment

4         In the proposed third amended complaint, plaintiff adds due process claims against

5    defendants San Joaquin County Jail and Lt. R. Teague based on their roles in adjudicating

6    plaintiff's grievances concerning defendant Martinez' alleged misconduct.  Plaintiff seeks, *inter*

7    *alia*, monetary damages.

8    III  Motion to Amend

9         Legal Standard

10        Because defendant has filed an answer, Rule 15(a)(2) governs plaintiff's motion to amend,

11   as follows:

12        **(2) *Other Amendments.*** In all other cases, a party may amend its
          pleading only with the opposing party's written consent or the court's
13        leave.  The court should freely give leave when justice so requires.

14   Fed. R. Civ. P. 15(a)(2).  "Rule 15(a) is very liberal and leave to amend 'shall be freely given

15   when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951

16   (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)); accord Sonoma Cnty. Ass'n of Retired Emps. v.

17   Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013).  However, courts "need not grant leave to

18   amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith;

19   (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465

20   F.3d at 951; accord Sonoma Cnty. Ass'n of Retired Emps., 708 F.3d at 1117.  "'[P]rejudice to the

21   opposing party carries the greatest weight.'" Sonoma Cnty. Ass'n of Retired Emps., 708 F.3d at

22   1117 (quoting Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per

23   curiam)).  Leave to amend "is properly denied . . . if amendment would be futile." Carrico v. City

24   and Cnty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011) (citing Gordon v. City of

25   Oakland, 627 F.3d 1092, 1094 (9th Cir. 2010)).  Further, "[a] party cannot amend pleadings to

26   'directly contradict an earlier assertion made in the same proceeding.'" Air Aromatics, LLC v.

27   Opinion Victoria's Secret Stores Brand Mgmt., Inc., 744 F.3d 595, 600 (9th Cir. 2014) (quoting

28   Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)).

1        Discussion

2        Initially, the undersigned finds that allowing plaintiff to proceed on his proposed third

3    amended complaint would be futile because he fails to state cognizable civil rights claims against

4    putative defendants Teague and the San Joaquin County Jail.  The Due Process Clause protects

5    plaintiff against the deprivation of liberty without the procedural protections to which he is

6    entitled under the law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  However, plaintiff has no

7    stand-alone due process rights related to the administrative grievance process.  Ramirez v.

8    Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  A

9    prison official's denial of a grievance does not itself violate the constitution.  Evans v. Skolnik,

10   637 Fed. Appx. 285, 288 (9th Cir. 2015), cert. dism'd, 136 S. Ct. 2390 (2016).  Thus, the denial,

11   rejection, or cancellation of a grievance does not constitute a due process violation.  See, e.g.,

12   Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that

13   prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the

14   First Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009)

15   (plaintiff's allegations that prison officials screened out his inmate appeals without any basis

16   failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597, at *6

17   (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his

18   administrative claims.").  Thus, plaintiff allegations that putative defendants Teague and the San

19   Joaquin County Jail, through their actions or omissions in addressing plaintiff's jail grievances,

20   failed to correct defendant Martinez' alleged misconduct, fails to state a cognizable due process

21   claim.  "Because there is no right to any particular grievance process, it is impossible for due

22   process to have been violated by ignoring or failing to properly process prison grievances."

23   Daniels v. Aguillera, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018).  The Ninth Circuit has

24   confirmed that a prisoner may not challenge an administrative disciplinary appeals process on

25   Due Process grounds, stating that "inmates lack a constitutional entitlement to a specific prison

26   grievance procedure."  Ramirez, 334 F.3d at 860.

27        In addition, prisoners are not protected from false charges or official reliance on such

28   charges.  See Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (prisoners have no

1    constitutional right to be free from wrongfully issued disciplinary reports), aff'd without opinion,

2    168 F.3d 498 (9th Cir. 1999).  Prisoners do not have a right to be free from false accusations of

3    misconduct, so the mere falsification of a report does not give rise to a claim under § 1983.

4    Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) ("Sprouse's claims based on the falsity of

5    the charges and the impropriety of Babcock's involvement in the grievance procedure, standing

6    alone, do not state constitutional claims."); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir.

7    1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or

8    wrongly accused of conduct which may result in the deprivation of a protected liberty interest.");

9    Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) ("[A]n allegation that a prison guard

10   planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim

11   for which relief can be granted where the procedural due process protections . . . are provided.").[1]

12           Plaintiff has already amended his pleading twice.  It does not appear plaintiff acted in bad

13   faith in attempting to include his claims against putative defendants Teague and the San Joaquin

14   County Jail, although the court notes that plaintiff was previously informed that he has no stand-

15   alone due process rights related to the administrative grievance process.  (ECF No 8 at 3-4.)

16   Because plaintiff's third amended complaint raises claims that are not cognizable, it would be

17   futile to allow plaintiff to amend.  In addition, it would prejudice defendant Martinez and further

18   delay the prosecution of this action.  Therefore, the undersigned recommends that plaintiff's

19   motion to amend be denied.

20           Accordingly, IT IS HEREBY ORDERED that:

21           1.  The stay of this action (ECF Nos. 31, 34) is lifted; and

22
[1] Even if plaintiff could allege cognizable civil rights claims against putative defendants Teague
23   and the San Joaquin County Jail, such claims are not properly joined under Federal Rule of Civil
     Procedure 20(a) concerning joinder of claims and defendants.  Rule 20(a) provides that all
24   persons may be joined in one action as defendants if "any right to relief is asserted against them
     jointly, severally, or in the alternative with respect to or arising out of the same transaction,
25   occurrence, or series of transactions or occurrences" and "any question of law or fact common to
     all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  See also George v. Smith, 507
26   F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different
     suits").  Because the claims raised against putative defendants Teague and the San Joaquin
27   County Jail are not properly joined with plaintiff's retaliation claim against Sgt. Martinez, such
28   putative claims would need to be raised in a separate action.

1    2. The Clerk of the Court is directed to assign a district judge to this case.

2    Further, IT IS RECOMMENDED that plaintiff's motion to amend (ECF No. 30) be

3    denied.

4    These findings and recommendations are submitted to the United States District Judge

5    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6    after being served with these findings and recommendations, any party may file written

7    objections with the court and serve a copy on all parties.  Such a document should be captioned

8    "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

9    objections shall be filed and served within fourteen days after service of the objections.  The

10   parties are advised that failure to file objections within the specified time may waive the right to

11   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12   Dated:  August 11, 2020

13

14   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

15

     /bled2710.mtad
16

17

18

19

20

21

22

23

24

25

26

27

28