1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DONNELL BLEDSOE, SR.,                    No.  2:18-cv-2710 JAM KJN P

12                 Plaintiff,

13          v.                                 ORDER

14    SGT. MARTINEZ, et al.,

15                 Defendants.

16

17          Plaintiff is a former county jail inmate, proceeding pro se, with this civil rights action

18    seeking relief pursuant to 42 U.S.C. § 1983.  This action proceeds on plaintiff's claim in his

19    second amended complaint that defendant Sgt. Martinez violated plaintiff's First Amendment

20    rights by retaliating against plaintiff for filing a grievance against Martinez.  (ECF No. 12 at 1.)

21    Plaintiff has renewed his motion for an environmental circuit prosecutor.  (ECF Nos. 45, 49.)  His

22    motions appear to be virtually identical.  (Id.)

23          As plaintiff was advised on September 2, 2020, plaintiff's civil rights action does not

24    involve the violation of environmental laws,[1] and, because this is a civil action, no prosecutor is

25    _____

      [1] "Circuit prosecutors are part of California's Environmental Circuit Prosecutor Project (Project).
26    The Project provides experienced environmental prosecutors and resources to rural counties
      which lack the expertise and personnel to prosecute environmental crimes. The increased
27    enforcement protects the rural communities by ensuring a cleaner and safer environment. It also
      levels the playing field by ensuring that law abiding businesses are not compromised by those
28    businesses who violate environmental laws in pursuit of profits. To date the Project has

                                            1

1    required.  Rather, this action proceeds solely on plaintiff's claim that defendant Martinez

2    retaliated against plaintiff.[2]  None of the elements plaintiff is required to prove in order to prevail

3    on his retaliation claim involve an alleged violation of environmental laws.  Therefore, plaintiff's

4    motion for a circuit prosecutor is denied.  Plaintiff should refrain from filing such motions in the

5    future.

6         In the above two motions, plaintiff discusses the amendment of pleadings, and then sets

7    forth allegations concerning his initial arrest, including allegations of excessive force by law

8    enforcement, and an assault by an informant.  (ECF No. 49 at 2.)  Plaintiff appears to argue that

9    he should be allowed to pursue such claims in this action.  However, defendant has filed an

10   answer; therefore, plaintiff must file a motion to amend.  Fed. R Civ. P. 15(a)(2).  Moreover,

11   plaintiff is proceeding in forma pauperis.  As a former prisoner, plaintiff's pleadings are subject to

12   evaluation by this court pursuant to the in forma pauperis statute.  See 28 U.S.C. § 1915A.

13   Therefore, if plaintiff moves to amend his second amended complaint, he must file a separate

14   motion to amend, accompanied by a proposed amended complaint.[3]

15

16   prosecuted over 800 cases and brought in over $18 million in fines, penalties, costs and
     supplemental environmental project (SEPs) as well as obtaining significant jail time for egregious
     offenders."  17 No. 10 NAAG Nat'l Envtl. Enforcement J. (Nov. 2002).

17

18   [2]  "Prisoners have a First Amendment right to file grievances against prison [or jail] officials and
     to be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012)

19   (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the
     prison or jail context has five elements:  "(1) An assertion that a state actor took some adverse

20   action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action
     (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

21   reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68

22   (9th Cir. 2005).

23   [3]  In addition, any proposed amendments must be related to plaintiff's retaliation claim against
     defendant Martinez.  A plaintiff may properly assert multiple claims against a single defendant.

24   Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where
     "any right to relief is asserted against them jointly, severally, or in the alternative with respect to

25   or arising out of the same transaction, occurrence, or series of transactions and occurrences" and
     "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P.

26   20(a)(2).  Unrelated claims against different defendants must be pursued in separate lawsuits.  See

27   George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent
     the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that

28   prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the

2

1    Accordingly, IT IS HEREBY ORDERED that plaintiff's motions (ECF Nos. 45, 49) are

2    denied.

3    Dated:  September 14, 2020

4

5    _____
     KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

6

7    /bled2710.env2

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    _____

28    number of frivolous suits or appeals that any prisoner may file without prepayment of the
      required fees. 28 U.S.C. § 1915(g)."  George, 507 F.3d at 607.