UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL BLEDSOE, Sr., | No. 2:18-cv-2710 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| SGT. MARTINEZ, et al., | |
| Defendants. | |

Plaintiff is a former county jail inmate, proceeding pro se and in forma pauperis, in an action brought under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On September 10, 2020, plaintiff moved to disqualify the undersigned magistrate judge pursuant to California Civil Procedure § 170.1 "for bias." (ECF No. 50 at 1.) Because plaintiff brings a claim in federal court, the California Rules of Civil Procedure do not apply. Padron v. City of Parlier, 2018 WL 1183378 (E.D. Cal. March 6, 2018); Harms v. Select Portfolio Servicing, Inc., 2016 WL 10935055, at *1 (N.D. Cal. Dec. 16, 2016). Accordingly, the undersigned construes plaintiff's motion as brought under 28 U.S.C. §§ 144 and 455. Plaintiff also renews his request for counsel.

As discussed below, plaintiff's motions are denied.

////

////

1

I. <u>Motion to Disqualify</u>

    A. <u>Legal Standards</u>

Under the federal recusal statutes, "[a]ny . . . judge . . . shall disqualify [her]self in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The judge shall also disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). In addition, where a party files "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party," then the judge shall assign the case to another judge to hear such proceeding. 28 U.S.C. § 144. But where the affidavit is not legally sufficient, the judge at whom the motion is directed can determine the matter. See <u>United States v. Scholl</u>, 166 F.3d 964, 977 (9th Cir. 1999) (citing <u>Toth v. Trans World Airlines, Inc.</u>, 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a Section 144 affidavit is a judge obligated to reassign decision on merits to another judge)). If the affidavit is legally insufficient, then recusal can be denied. See <u>United States v. $292,888.04 in U.S. Currency</u>, 54 F.3d 564, 566 (9th Cir. 1995).

Under both federal statutes, the substantive standard is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" <u>Mayes v. Leipziger</u>, 729 F.2d 605, 607 (9th Cir. 1984) (quoting <u>United States v. Nelson</u>, 718 F.2d 315, 321 (9th Cir. 1983)). A "reasonable person" is defined as a "well-informed, thoughtful observer," as opposed to a "hypersensitive or unduly suspicious person." <u>Clemens v. U. S. Dist. Ct.</u>, 428 F.3d 1175, 1178 (9th Cir. 2005) (quotations and citation omitted). "Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar nonfactual matters" are not enough to require recusal." <u>Id.</u> (citing <u>Nichols v. Alley</u>, 71 F.3d 347, 351 (10th Cir. 1993)).

Ordinarily, the party must allege "facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." <u>United States v. Sibla</u>, 624 F.2d 864, 868 (9th Cir. 1980). This "generally requires as the basis for recusal something other than rulings, opinions formed[,] or statements made by the judge during

the course of the trial." United States v. Holland, 519 F.3d 909, 914-15 (9th Cir. 2008). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994).

In addition, [i]t has long been established . . . that a party cannot force a judge to recuse himself by engaging in personal attacks on the judge." Standing Comm. On Discipline v. Yagman, 55 F.3d 1430, 1443 (9th Cir. 1995). "[I]n the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned." Holland, 519 F.3d at 912 (quotations and citations omitted).

### B. Discussion

Plaintiff's motion is substantively insufficient under Section 144 because it fails to allege facts that would support the contention that the undersigned has exhibited bias or prejudice directed towards plaintiff from an extrajudicial source. See Sibla 624 F.2d at 868 ("An affidavit filed pursuant to [Section 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source."). The motion alleges bias but fails to articulate specific facts supporting such allegation. Plaintiff claims the undersigned "tried to through [sic] [his] case against Bledsoe vs. [G]uliani and should be barred from presiding over any of the plaintiff's cases." (ECF No. 50 at 2.) However, plaintiff's case, Bledsoe v. Guiliani, No. 19-2553 TLN CKD PS (E.D. Cal.), was not assigned to the undersigned, who issued no orders in such case, which was closed on April 8, 2020.[1] Plaintiff fails to demonstrate the undersigned was even connected to such case.

Plaintiff also claims that the actions of defendant Martinez constitute false imprisonment, a racist hate crime, and then states the undersigned "needs to remove himself for being a racist judge." (ECF No. 50 at 1.) But the instant action is proceeding against defendant Martinez, and

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

3

1 | has not been thrown out; indeed, a scheduling order has issued.  Plaintiff articulates no facts to
2 | support his claim of racism by the undersigned.

3 |       The issues raised by plaintiff in his motion are not proper grounds to disqualify a judge for
4 | bias and prejudice because he provides no factual support.  Such allegations constitute nothing
5 | more than "rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar
6 | non-factual matters," which is insufficient to warrant recusal.  See Clemens, 428 F.3d at 1178
7 | (citation omitted).  Plaintiff's motion is denied.

8 | II.  Request for Appointment of Counsel

9 |       In addition, plaintiff renews his request that the court appoint counsel.  District courts lack
10 | authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v.
11 | United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may
12 | request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell
13 | v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36
14 | (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must
15 | consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to
16 | articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v.
17 | Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to
18 | appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.
19 | Circumstances common to most prisoners, such as lack of legal education and limited law library
20 | access, do not establish exceptional circumstances that warrant a request for voluntary assistance
21 | of counsel.

22 |       Having considered the factors under Palmer, the court finds that plaintiff has failed to
23 | meet his burden of demonstrating exceptional circumstances warranting the appointment of
24 | counsel at this time.

25 |       Accordingly, IT IS HEREBY ORDERED that
26 |       1. Plaintiff's motion to disqualify the undersigned (ECF No. 50) is denied.
27 | ////
28 | ////

2. Plaintiff's motion for the appointment of counsel (ECF No. 50) is denied without prejudice.

Dated:  September 15, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bled2710.rec