UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNEL BLEDSOE, Sr., | No. 2:18-cv-2710 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| SGT. MARTINEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, with a civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On September 30, 2020, plaintiff moved to recuse the undersigned magistrate judge pursuant to 28 U.S.C. § 144. (ECF No. 56). As discussed below, plaintiff's motion is denied.

I. Legal Standards

Federal law provides that a party may seek recusal of a judge based on bias or prejudice.

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be

1

>accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

The standard for recusal under 28 U.S.C. § 144 is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)). To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source since a judge's previous adverse ruling alone is not sufficient for recusal. See id.

Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. A judge who finds the affidavit legally sufficient must proceed no further under Section 144 and must assign a different judge to hear the matter. See 28 U.S.C. § 144; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Nevertheless, where the affidavit is not legally sufficient, the judge at whom the motion is directed can determine the matter. See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (citing Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a Section 144 affidavit is a judge obligated to reassign decision on merits to another judge)). If the affidavit is legally insufficient, then recusal can be denied. See United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995).

II. Discussion

Plaintiff's motion for recusal in this case is substantively insufficient under Section 144 because it fails to allege facts that would support the contention that the undersigned has exhibited bias or prejudice directed towards plaintiff from an extrajudicial source. See Sibla 624 F.2d at 868 ("An affidavit filed pursuant to [Section 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source."). The motion alleges bias and prejudice based on rulings and an alleged failure to review exhibits in cases not even assigned to

////

the undersigned.¹ (ECF No. 56 at 1-2, 5.) Plaintiff objects that the undersigned "tried to throw" plaintiff's case against the Stockton Police Department based on the expiration of the statute of limitations. (ECF No. 56 at 2.) However, plaintiff's only case assigned to the undersigned is the instant action, which plaintiff filed against defendants at the San Joaquin County Jail, not the Stockton Police Department. Moreover, none of the rulings issued in this action addressed statute of limitations issues. (See, e.g., ECF Nos. 8, 12, 15, 19, 24 & 29.) Finally, plaintiff objects to the denial of his request for appointment of counsel by the undersigned (ECF No. 52) because plaintiff, proceeding pro se, alleges he has a 1% chance of winning and needs counsel for depositions and to subpoena witnesses. (ECF No. 56 at 3.)

The issues raised by plaintiff in his motion for recusal are not proper grounds to disqualify a judge for bias and prejudice. As the United States Supreme Court has noted, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Instead, the judicial rulings are a basis for appeal, not recusal. See id. ("In and of themselves . . . [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal."); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) ("Leslie's allegations stem entirely from the district judge's adverse rulings. That is not an adequate basis for recusal.") (citations omitted).

Plaintiff's renewed motion for appointment of counsel is denied for the reasons set forth in the court's prior orders. (ECF Nos. 47, 52.)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to recuse the undersigned (ECF No. 56) is denied; and

////

---

¹ Plaintiff references cases against CBS and Facebook, and states that he believes the undersigned took a bribe from CBS, Facebook, Mark Zuckerberg and San Joaquin County. (ECF No. 56 at 1-2, 3.) However, Bledsoe v. Facebook, No. 18-2756 JAM EFB (E.D. Cal.) and Bledsoe v. CBS, No. 2:18-3043 JAM EFB were assigned to a different magistrate judge. Bledsoe v. Granberry, No. 2:19-1648 JAM DB (E.D. Cal.), another copyright infringement case brought by plaintiff, was also assigned to a different magistrate judge, and remains pending. The court dockets for these three cases confirm that the undersigned issued no rulings therein.

2. Plaintiff's renewed motion for appointment of counsel (ECF No. 56) is denied.

Dated: October 16, 2020

/bled2710.rec2

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4