UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL BLEDSOE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SGT. MARTINEZ,<br><br>　　　　Defendant. | No. 2:18-cv-2710 JAM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a former county inmate, proceeding without counsel. This action proceeds on plaintiff's second amended complaint in which he alleges Sgt. Martinez retaliated against plaintiff for filing a grievance against Martinez at the San Joaquin County Jail. Plaintiff's motion to file a third amended complaint is before the court. As discussed below, the undersigned recommends that the motion be denied.

I. Background

　　　　This action was filed on October 5, 2018. Plaintiff's original complaint was dismissed with leave to amend, and plaintiff filed a first amended complaint on November 26, 2018. Plaintiff's first amended complaint was dismissed, and plaintiff was granted leave to file a second amended complaint solely as to his retaliation claim against defendant Martinez. On February 5, 2020, defendant Martinez filed an answer. The court issued its discovery and scheduling order on August 13, 2020.

II. <u>Proposed Amendment</u>

In the caption of his proposed amended complaint, plaintiff lists the following defendants: Sgt. Martinez, Christina Martinez, Lt. Leatuge, and San Joaquin County.  The proposed amended complaint solely alleges that Christina Martinez

> orchestrated . . . 6 months and days of a hate crime false imprisonment by notifying [her] relative to hold back . . . grievances so [they] could not reach its destination for . . . plaintiff to work on AWP ["Alternative Work Program"].  Christina Martinez participated in false imprisonment and white slavery by obstructing justice and violating her ethics[,] [without] jurisdiction[,] [and] committing judicial misconduct.

(ECF No. 55 at 1-2.)  Plaintiff asks the United States Attorney General and the prosecutor's office to prosecute this case as a hate crime under the United States Constitution.  (ECF No. 55 at 3.)

III. <u>Motion to Amend</u>

    A. <u>Legal Standards Governing Motion to Amend</u>

Rule 15(a)(2) governs plaintiff's motion to amend, as follows:

> **(2) *Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2).  "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" <u>AmerisourceBergen Corp. v. Dialysis West, Inc.</u>, 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)); <u>accord</u> <u>Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.</u>, 708 F.3d 1109, 1117 (9th Cir. 2013).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." <u>AmerisourceBergen Corp.</u>, 465 F.3d at 951; <u>accord</u> <u>Sonoma Cnty. Ass'n of Retired Emps.</u>, 708 F.3d at 1117.  "'[P]rejudice to the opposing party carries the greatest weight.'" <u>Sonoma Cnty. Ass'n of Retired Emps.</u>, 708 F.3d at 1117 (quoting <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam)).  Leave to amend "is properly denied . . . if amendment would be futile."  <u>Carrico v. City and Cnty. of San Francisco</u>, 656 F.3d 1002, 1008 (9th Cir. 2011) (citing <u>Gordon v. City of Oakland</u>, 627 F.3d 1092, 1094 (9th Cir. 2010)).  Further, "[a] party cannot amend pleadings to 'directly contradict an earlier assertion made in the same proceeding.'" <u>Air Aromatics, LLC v.</u>

2

Opinion Victoria's Secret Stores Brand Mgmt., Inc., 744 F.3d 595, 600 (9th Cir. 2014) (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)).

### B.  The Civil Rights Act

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  To state a claim under § 1983, a plaintiff must allege:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

### C  Discussion

Initially, the undersigned finds that plaintiff's proposed amended complaint is wholly lacking in facts and allegations required to pursue claims against the individuals named as defendants in the caption of his proposed pleading.  Fed. R. Civ. P. 8, 10.  For example, plaintiff fails to separately identify each defendant in the body of his pleading and include charging allegations as to each individual named as a defendant.  Fed. R. Civ. P. 8(a).  Plaintiff fails to re-allege his allegations against defendant Sgt. Martinez.  As plaintiff has been previously informed, each amended pleading must be complete in and of itself.  Thus, the court is unable to refer to prior complaints, or to the accompanying motion to amend in order to find his proposed third amended complaint cognizable.  Plaintiff must set forth all factual allegations in the amended pleading.  Finally, plaintiff fails to set forth the relief he seeks.  Fed. R. Civ. P. 8(a)(3).

Second, as plaintiff was previously advised, he cannot state a cognizable civil rights claim against Christina Martinez, identified in his motion to amend as plaintiff's "ex-public defender," and Sgt. Martinez' cousin (ECF No. 54 at 2). Christina Martinez did not act under color of state law within the meaning of 42 U.S.C. § 1983; therefore, plaintiff cannot state a cognizable civil rights claim against Christina Martinez. Polk County v. Dodson, 454 U.S. 312, 320-25 (1981); (ECF No. 8 at 3).

Third, in his motion to amend, plaintiff seeks leave to add hate crimes against defendant Sgt. Martinez, and newly-named individuals Christina Martinez, Lt. Leatuge and San Joaquin County under California Penal Code Sections 422.6, 422.7 and 422.75.[1] (ECF No. 54.) However, such sections of the California Penal Code do not permit a private right of action. See Thomas v. Restaurant, 2015 WL 9583029, at *2 (E.D. Cal. Sept. 31, 2015); Gaylord v. The Clay House, 2020 WL 5074189, at *4 (E.D. Cal. Aug. 27, 2020). "A private right of action under a criminal statute has rarely been implied." Harvey v. City of South Lake Tahoe, 2011 WL 3501687, at *7 (E.D. Cal. Aug. 9, 2011); Bailey v. Leonhardt, 481 F. App'x 381, 382 (9th Cir. 2012) ("The district court properly dismissed several of [plaintiff's] claims before trial because they relied on criminal statutes that provided no private right of action."). Accordingly, plaintiff cannot make his putative hate crime claims viable through factual amendment.

Fourth, in his accompanying motion to amend, plaintiff attempts to raise additional retaliation claims against Christina Martinez, Lt. Leatuge and the county. While not entirely clear, the allegations set forth in his motion to amend appear to contradict the allegations in his operative pleading. In his second amended complaint, plaintiff alleges that defendant Sgt. Martinez retaliated against plaintiff for filing a grievance against Sgt. Martinez. (ECF No. 11.) But in the instant motion to amend, plaintiff now appears to claim that Christina Martinez retaliated against plaintiff for firing her, and supplied her cousin, Sgt. Martinez, with the terms and conditions of plaintiff's plea bargain, and she "made sure through contact with her cousin

---

[1] California Penal Code Section 422.6 is a California hate-crime statute. Section 422.7 defines aggravating factors for punishment for hate crimes in California, and section 422.75 sets forth enhanced penalties for hate crimes in California.

Sgt. Martinez at the county jail to do everything in his power to obstruct the grievance process for 6 months and 10 days with cooperation with Lt. Leatuge." (ECF No. 54 at 5.) Such allegation suggests that Sgt. Martinez acted at the behest of Christina Martinez, rather than in retaliation for plaintiff filing a grievance against Sgt. Martinez. Plaintiff then claims that Christina Rodriguez "in retaliation and conspiracy" advised other defendants to deny plaintiff access to the alternative work program, which plaintiff alleges his plea bargain required.[2] (ECF No. 54 at 3, 5.) But, as discussed above, Christina Rodriguez does not act under color of state law. However, even if she did, her alleged actions were not based on plaintiff's protected conduct, but rather based on her alleged "vengeance" toward plaintiff. Such allegations do not state a cognizable retaliation claim.[3] In any event, the allegations set forth in plaintiff's motion to amend are too vague and

---

[2] It is unclear why plaintiff believes his inability to file grievances kept him from participating in the jail's alternative work program. Plaintiff's allegations concerning such program, as well as the plea bargain, are vague. However, it appears that most county jail release programs are subject to the discretion of the sheriff or other designated official, despite court orders. For example, in Butte County, as to the Sheriff's Work Alternative Program ("SWAP"), "the Sheriff has the ultimate power to decide who may or may not participate in SWAP," even where the court authorizes participation. Miller v. Butte Cty., 2008 WL 4287665, at *1 (E.D. Cal. Sept. 17, 2008), aff'd sub nom. Miller v. Butte Cty. Sheriff's Dep't. 453 F. App'x 698 (9th Cir. 2011). California Penal Code Section 1208 governs work furlough for jail inmates, and provides that "[t]he court may recommend or refer a person to the work furlough administrator for consideration for placement in the work furlough program" and such court recommendation or referral "shall be given great weight in the determination of acceptance or denial for placement in the work furlough program. . . ." Cal. Penal Code § 1208(i). However, § 1208 also provides that the work furlough administrator has discretion over whether inmates are permitted to participate in work furlough. Cal. Penal Code § 1208(b) ("work furlough administrator may, if the administrator concludes that the person is a fit subject to continue in the person's regular employment, direct that the person be permitted to continue in that employment.") See also Mincey v. Arpaio, 2012 WL 5500003, at *2 (D. Ariz. Nov. 13, 2012) (responsibility for determining eligibility in work release programs rested with the Maricopa County Sheriff's Office). In any event, a jail inmate does not have a protected liberty interest in receiving rehabilitative services, or in being provided with particular treatment programs. See Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (no right to a particular security classification or to prison rehabilitative services); Bauman v. Arizona Dep't of Corrs., 754 F.2d 841, 844 (9th Cir. 1985) (no constitutional right to work furlough classification). Moreover, plaintiff has no constitutional right in being released early from a jail sentence. See Greenholtz v. Inmates of Nebraska Penal, 442 U.S. 1, 7 (1979) (convicted prisoners have no due process liberty interest in early release arising from the Constitution). Thus, plaintiff's remedy, if any, may lie solely in state court.

[3] A viable retaliation claim in the prison or jail context has five elements: "(1) An assertion that

5

conclusory for this court to determine whether plaintiff could again amend to state cognizable retaliation claims against Lt. Leatuge or the county.

Finally, plaintiff has already amended his pleading multiple times. Because plaintiff's third amended complaint raises claims solely against Christina Martinez, who does not act under color of state law, and the accompanying motion raises allegations that were not included in the proposed amended complaint, as well as seemingly conflicting allegations, the court cannot determine whether plaintiff could amend to state cognizable claims. It is clear he cannot amend to state cognizable claims based on hate crimes. Moreover, granting plaintiff leave to amend again would prejudice defendant Martinez and further delay the prosecution of this action, which was filed two years ago, and has been scheduled for discovery and dispositive motions. Thus, the undersigned recommends that plaintiff's motion to amend be denied without further leave to amend.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion to amend (ECF No. 54) be denied without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 19, 2020

/bled2710.mta3

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

a state actor took some adverse action against an inmate (2) because of (3) *that prisoner's protected conduct*, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (emphasis added).