UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL BLEDSOE, SR.,<br><br>           Plaintiff,<br><br>     v.<br><br>SGT. MARTINEZ, et al.,<br><br>           Defendants. | No.  2:18-cv-2710 JAM KJN P<br><br>ORDER AND REVISED SCHEDULING ORDER |

Plaintiff is a former county jail inmate.  He is proceeding pro se, and in forma pauperis with this civil rights action seeking relief pursuant to 42 U.S.C. § 1983.  Defendant Martinez' motion for terminating sanctions is before the court.  As discussed below, defendants' motion is partially granted.

I. Plaintiff's Second Amended Complaint

Plaintiff alleges that defendant Sgt. Martinez retaliated against plaintiff for filing a grievance against Martinez, by allegedly planting evidence on plaintiff that caused plaintiff to serve additional days in jail, violating plaintiff's First Amendment rights.  (ECF No. 11.)

II. Procedural History

This action was filed on October 5, 2018, after plaintiff was out of custody.  After multiple amendments, plaintiff's retaliation claim against defendant Martinez was found potentially cognizable.  (ECF No. 12.)

1        On August 13, 2020, the undersigned issued the discovery and scheduling order, setting
2   the discovery deadline for December 11, 2020.  (ECF No. 40.)
3        On August 28, 2020, plaintiff filed a document that included the word "discovery" in the
4   title, but also referenced plaintiff's requests for an environmental circuit prosecutor.  (ECF No.
5   43.)  Plaintiff was informed that court permission was not necessary for discovery requests, and
6   that discovery requests or responses should not be filed with the court until a party becomes
7   dissatisfied with a response and seeks court relief.  (ECF No. 44 at 1-2.)
8        On October 26, 2020, plaintiff filed a motion for defendant to disclose all evidence to
9   plaintiff.  (ECF No. 66.)  In denying the motion, the undersigned provided plaintiff the same
10  reminder from the August 28, 2020 order, but also informed plaintiff that a broad request such as
11  "turn over all evidence" is not sufficient and that plaintiff must specifically identify the discovery
12  he seeks and comply with the applicable discovery rules.  (ECF No. 67 at 1-2, citing Fed. R. Civ.
13  P. 30, 33, & 34.)
14       On December 17, 2020, the undersigned granted plaintiff's motion to modify the
15  scheduling order; the discovery deadline was extended to February 15, 2021, and the pretrial
16  motions deadline was extended to April 16, 2021.  (ECF No. 76.)
17  III.  Defendant's Motion for Terminating and Monetary Sanctions
18       Defendant moves for terminating sanctions against plaintiff for his willful failure to attend
19  his properly-noticed depositions; in the alternative, defendant seeks:  an order compelling plaintiff
20  to attend his deposition within twenty days, monetary sanctions be imposed in the amount of
21  $2,065.00 for fees and costs incurred in connection with the failed depositions and in bringing the
22  instant motion, and modification of the scheduling order to complete plaintiff's deposition.  (ECF
23  No. 81-1.)
24       A.  Legal Standards Governing Sanctions
25       Federal Rule of Civil Procedure 37(d) authorizes the court to issue sanctions when a party
26  fails to appear at a properly noticed deposition or fails to serve answers to properly served
27  interrogatories or requests for inspection of documents.  Fed. R. Civ. P. 37(d)(1)(A).  The Court
28  may impose a broad range of sanctions, including "prohibiting the disobedient party from

2

supporting or opposing designated claims or defenses, or from introducing designated matters into evidence," "staying further proceedings" until the party has complied with discovery requirements, and "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(d)(3) (incorporating sanctions from Fed. R. Civ. Proc. 37(b)(2)(A)(i)-(vi)); see also, e.g., Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983) ("Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery.") (internal citations omitted).

Additionally, Local Rule 110 provides that "[f]ailure . . . of a party to comply . . . with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Id. District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam). Terminating sanctions may be warranted where "discovery violations threaten to interfere with the rightful decision of the case." Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1097 (9th Cir. 2007).

B. Standards Governing Terminating Sanctions

District courts retain broad discretion to control their dockets and "[i]n the exercise of that power they may impose sanctions, including where appropriate, default or dismissal." Adams v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007)[1] (brackets in original) (quoting Thompson, 782 F.2d at 831). "[C]ourts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." Fjelstad v. American Honda Motor Co., Inc., 762 F.2d 1334, 1338 (9th Cir. 1985) (internal quotations and citation omitted); see, e.g., Anheuser-Busch, Inc. v. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995) (upholding dismissal where party engaged in deceptive practices that undermined the integrity of the proceedings). But such a harsh penalty "should be imposed as a sanction only in extreme circumstances." Thompson, 782 F.2d at 831

---

[1] Adams was overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

1  (citing Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  Courts have dismissed an
2  action with prejudice for various reasons.  See e.g., Malone v. United States Postal Service, 833
3  F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson,
4  779 F.2d at 1424 (dismissal for failure to prosecute and for failure to comply with local rules);
5  Sanchez v. Rodriguez, 298 F.R.D. 460, 464 (C.D. Cal. 2014) (applied terminating sanctions for
6  pro se plaintiff's failure to respond to discovery requests).

7  Accordingly, the Ninth Circuit permits imposition of such terminating sanctions only after
8  the district court has weighed:  "(1) the public's interest in expeditious resolution of litigation;
9  (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
10  policy favoring disposition of cases on their merits and (5) the availability of less drastic
11  sanctions."  Thompson, 782 F.2d at 831; Conn. Gen. Life Ins. Co., 482 F.3d at 1096 ("Only
12  'willfulness, bad faith, and fault' justify terminating sanctions.") (quoting Jorgensen v. Cassiday,
13  320 F.3d 906, 912 (9th Cir. 2003)).

14  Plaintiff is proceeding pro se, and the court is mindful of precedent directing lenience in
15  the interpretation of plaintiff's pleadings.  The pleadings of pro se litigants are held to "less
16  stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519,
17  520 (1972).  Such lenience is important in a civil rights case, where "the court must construe the
18  pleadings liberally and afford the plaintiff the benefit of any doubt."  Karim-Panahi v. L.A. Police
19  Dep't, 839 F.2d 621, 623 (9th Cir. 1988); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th
20  Cir. 1992) (The rule of liberal construction is "particularly important in civil rights cases.").
21  Nevertheless, while courts construe pleadings liberally in favor of pro se litigants, pro se plaintiffs
22  remain bound by the applicable procedural rules.  See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir.
23  1995); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds by Lacey v.
24  Maricopa Cnty., 693 F.3d 896 (9th Cir. 2012)).  "A party's lack of counsel may be considered in
25  evaluating the willfulness of discovery violations and the failure to obey orders and in weighing
26  the other factors regarding dismissal, but pro se status does not excuse intentional noncompliance
27  with discovery rules and court orders."  Sanchez, 298 F.R.D. at 470 (collecting cases).
28  ////

C. Prior Warnings

On September 12, 2018, the parties were warned that the failure of any party to comply with the Federal Rules of Civil Procedure or the Local Rules of Court may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default. (ECF No. 15 at 5, citing Fed. R. Civ. P. 41(b).)

On September 2, 2020, plaintiff was cautioned that further filing of discovery requests or responses, except as required by rule of court, may result in an order of sanctions, including, but not limited to, a recommendation that this action be dismissed. (ECF No. 44.) On October 29, 2020, plaintiff was provided the same warning. (ECF No. 64.)

D. Pertinent Facts

1. On December 7, 2020, plaintiff was personally served with a notice of deposition requiring him to appear on December 11, 2020. (ECF No. 81-2 at 5-7.)

2. On December 7, 2020, plaintiff called defense counsel and spoke with defense counsel's legal secretary, Lisa M. Beltran ("Ms. Beltran"), advising that plaintiff would not attend his December 11, 2020 deposition until defendant produced documents. (ECF No. 81-3 (Beltran Decl.).) At that time, plaintiff had not properly propounded any discovery requests.

3. On December 8, 2020, plaintiff called defense counsel and left a voicemail advising he would not attend the December 11, 2020 deposition because he had not received particular documents. (ECF No. 81-3.) Plaintiff also requested that two non-party employees of the San Joaquin County Sheriff's Department, Christina Martinez and Lt. Leatuge, be present at the deposition. (ECF No. 81-3.)

4. On December 10, 2020, Ms. Beltran called plaintiff to confirm his deposition and provide him the Zoom link necessary to appear remotely if he so chose. (ECF No. 81-3.) Plaintiff told Ms. Beltran that he would not be appearing at the deposition because he had not been served with particular documents. (Id.)

5. On December 11, 2020, plaintiff's deposition went forward and plaintiff did not appear. A record of his non-appearance was made. (ECF No. 81-2 at 9-13.)

////

5

1    6. Following the order extending the discovery deadline, on December 17, 2020,

2 defendant re-noticed plaintiff's deposition for January 6, 2021.  (ECF No. 15-18.)

3    7. On December 18, 2020, plaintiff called defense counsel and left a voicemail requesting

4 the date, time, and location of the deposition, and also requested the production of documents.

5 (ECF No. 81-3.)

6    8. On December 22, 2020, plaintiff called defense counsel wanting to reschedule his

7 deposition until after his receipt of documents and demanding that "Lt. Leatuge" and "Officer

8 Smith" appear at the deposition.  (ECF No. 81-3.)

9    9.  On December 22, 2020, plaintiff again called defense counsel and left a voicemail

10 requesting a date to examine documents.  (ECF No. 81-3.)

11    10. On December 22, 2020, defense counsel sent meet and confer correspondence to

12 plaintiff in an attempt to persuade plaintiff to attend his deposition and follow federal discovery

13 rules.  (ECF No. 81-2 at 20.)

14    11. On January 6, 2021, plaintiff failed to appear for his deposition.   A record of his non-

15 appearance was made.  (ECF No. 81-2 at 22-27.)

16    E. Discussion

17      1. Plaintiff's First Deposition

18    Initially, plaintiff objects that the first deposition was not properly-noticed because it did

19 not provide him at least 10 days' notice, relying on state law. (ECF No. 83 at 1-2.)

20    Rule 30(b)(1) of the Federal Rules of Civil Procedure requires that a party seeking a

21 deposition give "reasonable notice" of the deposition.  Courts construe "reasonable notice" to be

22 five days, if the deposition notice does not require production of documents at the deposition.

23 Millennium Labs, Inc. v. Allied World Assur. Co., 2014 WL 197744 at *2, n.1 (S.D. Cal. 2014),

24 Pac. Mar. Freight, Inc. v. Foster, 2013 WL 6118410 at *2, n.2 (S.D. Cal. 2013).

25    The first deposition notice only provided plaintiff with four days' notice, not five, and

26 thus the first deposition was not properly-noticed.  Therefore, despite plaintiff's inappropriate

27 attendant demands, it was arguably not unreasonable for plaintiff not to appear.

28 ////

6

        2. Second Deposition

Plaintiff's second failure to appear for deposition, however, was not justified. On December 17, 2020, defense counsel served plaintiff with the amended notice of deposition for January 6, 2021. This deposition notice provided plaintiff with 20 days' notice, more than the reasonable notice required under Rule 30(b)(1).

In his opposition, plaintiff objects that he did not receive the notice for the January 6, 2021 deposition until January 1, 2021, and contends that five days' notice is insufficient. (ECF No. 83 at 2.) However, plaintiff's claim is refuted by his December 18 and 22, 2020 phone calls he made to defense counsel's office. In addition, defense counsel's sent plaintiff a meet and confer letter on December 22, 2020, which plaintiff fails to mention. But even assuming plaintiff did not receive the deposition notice until January 1, 2021, five days' notice is reasonable.

        a. Was plaintiff's failure to appear for deposition willful?

Before imposing terminating sanctions, due process requires that a Court find that a litigant's conduct was the result of "willfulness, bad faith, or fault." Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir. 1994) (citing Wyle v. R.J. Reynolds Indus., 709 F.2d 585, 589 (9th Cir. 1983)). To find that a litigant has acted with "willfulness, bad faith, or fault," a court need only find that the failure to participate in discovery was "disobedient conduct not shown to be outside the control of the litigant." Fjelstad, 762 F.2d at 1341. The willfulness standard simply requires that the "punished conduct [is] within the litigant's control." Id. On the other hand, if the failure to produce is the result of circumstances outside of the recalcitrant party's control or an inability to fulfill the party's litigation obligations, dismissal is not proper. United States v. Sumitomo Marine & Fire Ins. Co., Ltd., 617 F.2d 1365, 1369 (9th Cir. 1980).

Here, plaintiff's failure to appear at the second deposition was entirely within plaintiff's control. Indeed, it was plaintiff who demanded that defense counsel produce documents as well as nonparties at the deposition before plaintiff would agree to be deposed. Calling counsel and demanding discovery does not constitute a proper discovery request. The court has warned plaintiff on at least two occasions that he must properly propound discovery requests. Moreover, plaintiff cannot demand that defense counsel produce documents or witnesses before plaintiff will

appear at a properly-noticed deposition. Thus, the court finds plaintiff's refusal to attend the second deposition to be willful. Because this finding permits the court to consider the imposition of terminating sanctions, the court does not yet conclude that petitioner was acting in bad faith.

### b. Do the five factors support terminating sanctions?

Because plaintiff's failure to attend his deposition was willful, the undersigned must evaluate whether the five factors weigh in favor of imposing terminating sanctions. Such factors provide a "way for a . . . judge to think about what to do," rather than "a series of conditions precedent before the judge can do anything." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006), quoting Valley Eng'rs, 158 F.3d at 1057. Generally, the key factors in this evaluation are the risk of prejudice and the availability of alternative sanctions. Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

Despite plaintiff's actions and omissions in this action, the undersigned does not find that terminating sanctions are warranted at this juncture. Because the court has not yet issued a warning concerning the consequences of plaintiff's failure to sit for deposition, the court is hopeful that the court's warning may impress upon plaintiff his duty to comply and sit for his deposition. See Wells v. Cagle, 2018 WL 1617169, at *7 (E.D. Cal. Apr. 4, 2018) (discussing possible lesser sanction of "an order compelling plaintiff's deposition attendance and resetting of dates"). Cf. Malone, 833 F.2d at 133 (noting that failure to warn, while not always required, has frequently been a contributing factor to Ninth Circuit orders reversing dismissal, and collecting cases); Sanchez, 298 F.R.D. at 465-66, 472 (approving report and recommendation finding that lesser sanctions would not be effective where plaintiff ignored court orders warning him that failure to comply with discovery orders and respond to the court's Order to Show Cause would result in sanctions (including dismissal)). Moreover, as set forth below, the undersigned finds that lesser sanctions would be satisfactory. However, plaintiff is cautioned that if he fails to again appear for deposition, the court will not hesitate to impose terminating sanctions.

### c. Alternative Sanctions

If the court opts not to impose terminating sanctions, defendant seeks the imposition of monetary sanctions. Rule 37 provides "the court must require the party failing to act, the attorney

advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified and or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Based on plaintiff's willful failure to appear at his second deposition, it appears that plaintiff's failure to attend his deposition was not substantially justified. Fed. R. Civ. P. 37(a)(5)(A). Thus, it appears that an order awarding defendant his reasonable expenses may be appropriate. Defense counsel seeks reimbursement of the $265.00 certified shorthand reporter's fee incurred for the January 6, 2021 deposition, as well as $1,800.00 in attorney fees. Plaintiff did not address either request. However, the court is unable to determine whether such attorney fees are reasonable because counsel did not provide his hourly rate. Defense counsel claimed he would charge his client's principal a minimum of $1,600.00 for preparation of the instant motion, and supporting declarations, but also included "any subsequent personal appearance for oral argument." (ECF No. 81-2 at 2.) Because no oral argument was required, it is unclear whether the $1600.00 should be reduced. Instead, given the plaintiff's pro se status, the court hereby orders plaintiff to pay defendants' costs and fees in the amount of five-hundred dollars ($500.00) within 14 days from the date of this order.

### d. Orders to Comply

Defendant's request that plaintiff be ordered to attend his deposition is granted. Plaintiff is ordered to attend his deposition that is noticed pursuant to this order. Plaintiff is warned that failure or refusal to attend such deposition will result in the imposition of sanctions, including, but not limited to, a recommendation that this action be dismissed. See Fed. R. Civ. P. 37(b)(2)(A) (sanctions may be imposed for failure to comply with a discovery order); Fed. R. Civ. P. 37(d)(1)(A) (sanctions may be imposed for failure to appear at a properly-noticed deposition). Plaintiff is advised that he cannot demand that defense counsel produce documents or witnesses, nonparty or otherwise, at plaintiff's deposition. Rather, plaintiff has a duty to attend his properly-noticed deposition.

////

////

F. Modification of Scheduling Order

In light of this order, the discovery deadline is extended solely for the purposes of completing plaintiff's deposition. Plaintiff's deposition shall be noticed to occur within twenty days from the date of this order.

IV. Plaintiff's Motion

In his opposition to the motion, plaintiff seeks a second extension of the discovery deadline.

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

Here, plaintiff fails to demonstrate good cause or his diligence in properly seeking discovery. Rather, plaintiff recounts his efforts to obtain discovery by calling defense counsel's office, and by mailing defense counsel a "motion to disclose all grievances" and subpoenas for defendant, Lt. Leatuge and Officer Smith to appear at the deposition set for February 5, 2021. (ECF No. 83 at 2, 3). Such efforts again demonstrate plaintiff's failed efforts to propound proper discovery requests. Discovery was extended once at plaintiff's request, and the court has attempted to provide him guidance in terms of properly propounding discovery requests, to no avail. Plaintiff, who is not in custody, has had just over six months to conduct discovery. On this record, plaintiff fails to demonstrate good cause to modify the discovery deadline. Plaintiff's motion is denied.[2]

////

---

[2] On January 28, 2021, and February 3, 2021, plaintiff filed ''objections,'' apparently complaining that defense counsel did not provide the requested grievances or respond to the subpoenas. However, as noted above, plaintiff did not properly propound his discovery requests; therefore, his objections are overruled. (ECF Nos. 85, 86.)

VI. <u>Orders</u>

Accordingly, IT IS HEREBY ORDERED that defendant's motion for terminating sanctions (ECF No. 81) is granted in part and denied in part as follows:

1. Defendant's motion for terminating sanctions (ECF No. 81) is denied without prejudice;

2. Defendant's motion to compel plaintiff's deposition (ECF No. 81) is granted;

3. Plaintiff is ordered to appear for his deposition noticed pursuant to this order;

4. Discovery is reopened for the sole purpose of taking plaintiff's deposition; in all other respects, the August 30, 2020 scheduling order remains in effect;

5. Defendant shall re-notice plaintiff's deposition to occur within twenty days from the date of this order;

6. Within fourteen days from the date of this order, plaintiff shall pay five-hundred dollars ($500.00) for defense attorney's fees and costs; failure to make such payment will result in a recommendation that this case be dismissed; and

7. Plaintiff's motion to modify the scheduling order (ECF No. 83) is denied.

Dated:  February 9, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bled2710.term.sanc

11