UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL BLEDSOE, SR., | No. 2:18-cv-2710 JAM KJN P |
| Plaintiff, | |
| v. | ORDER AND REVISED SCHEDULING ORDER |
| SGT. MARTINEZ, et al., | |
| Defendants. | |

Plaintiff is a former county jail inmate, proceeding pro se, with this civil rights action seeking relief pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's claim that defendant Martinez violated plaintiff's First Amendment rights by retaliating against plaintiff for filing a grievance against Martinez. (ECF Nos. 11; 12.) Multiple motions are pending.

Plaintiff's Motion to Compel

On February 18, 2021, plaintiff filed a document motion to compel discovery. (ECF No. 97.) However, discovery closed on February 15, 2021. (ECF No. 76.) Thus, plaintiff's motion is untimely and is denied.[1]

Defendant's Motion for Terminating Sanctions

On March 10, 2021, defendant filed a motion for terminating sanctions based on

---

[1] Plaintiff continues to refer to initial disclosures. However, his status as a pro se prisoner exempts this case from those requirements. Fed. R. Civ. P. 26(a)(1)(B)(iv).

1

plaintiff's failure to pay the $500.00 sanction imposed for plaintiff's failure to cooperate in discovery. However, on February 22, 2021, plaintiff sought reconsideration of such order, and the district court has not yet ruled on plaintiff's request. (ECF No. 102.) Therefore, defendant's motion (ECF No. 106) is premature, and is denied without prejudice.

Defendant's Motion to Compel

On February 12, 2021, defendant filed a motion to compel answers to request for admissions (set one) and request for production of documents (set one).[2] The discovery was served on plaintiff on December 18, 2020. Under the court's scheduling order, the parties were allowed 45 days to respond to discovery; thus, plaintiff's responses were due by February 1, 2021. Defendant argues that plaintiff failed to provide any responses to the discovery requests.

Plaintiff filed an opposition to the motion, claiming he did not receive the discovery until December 26, 2020. (ECF No. 101.) In reply, defendant argues that the date plaintiff received the discovery responses is inconsequential, particularly since the discovery order granted plaintiff 45 days to respond. In any event, defendant again argues that plaintiff has repeatedly violated this court's discovery order and the Federal Rules of Civil Procedure by failing to timely provide discovery. (ECF No. 104.) Defendant asks the court to order plaintiff to provide the discovery responses, and to pay sanctions in the amount of $1,000.00 for his continued violation of court orders.

However, in plaintiff's February 18, 2021 filing, plaintiff claims that he provided documents to defense counsel at plaintiff's February 12, 2021 deposition,[3] and also mailed his "interrogative questionnaire" to defense counsel on February 9, 2021. (ECF No. 97.) Although defense counsel does not mention plaintiff providing documents at the deposition, it appears that the document plaintiff mailed was his responses to the interrogatories.

////

---

[2] Defendant also propounded interrogatories and plaintiff responded to such interrogatories. (ECF No. 89-2 at 2.)

[3] Responses to requests for production of documents must be in writing. Fed. R. Civ. P. 34(b)(2)B).

At this time, the court is unable to address defendant's motion to compel because defendant failed to provide a copy of the request for production of documents (set one) or request for admissions (set one).  Defendant shall file the discovery requests within fourteen days from the date of this order.

Plaintiff's Motion for Summary Judgment

On March 30, 2021, plaintiff's prior motion styled, "Motion for Summary Judgment," was denied based on plaintiff's failure to comply with Rule 56 of the Federal Rules of Civil Procedure and Local Rule 260.  (ECF No. 110.)  Plaintiff was also advised that such motion was premature in light of the pending discovery motions, and advised that he should not renew his motion for summary judgment until after the court rules on the pending motions.  Despite such warning, plaintiff renewed his motion for summary judgment on April 5, 2021, referring to his prior motion, ECF No. 109.  (ECF No. 112.)

In the instant motion, plaintiff complains that defendant failed to meet the deadline for production of documents and appends the requests for production of documents.  However, such requests were signed by plaintiff and served on counsel for defendant on February 17, 2021.  (ECF No. 112 at 9, 13.)  Because the discovery deadline expired on February 15, 2021, plaintiff's request for production of documents was untimely, and defendant was not required to respond.[4]  Moreover, discovery requests that have not been answered are not evidence; therefore, plaintiff cannot rely on such requests in support of a motion for summary judgment.

Finally, plaintiff appended 25 pages of exhibits, but does not reference such exhibits in his motion.  In order to support a motion for summary judgment, plaintiff is required to explain how his exhibits meet the elements of his retaliation claim such that he is entitled to summary judgment.  Neither the court nor defendant are required to review pages of exhibits and attempt to figure out how such evidence supports plaintiff's motion.  On September 12, 2019, plaintiff was informed of the requirements for opposing a motion for summary judgment, citing Rand v.

---

[4] The initial discovery and scheduling order required that all discovery requests must be served not later than sixty days prior to the discovery deadline.  (ECF No. 40 at 5.)  On December 17, 2020, the discovery deadline was extended to February 15, 2021.  (ECF No. 76.)

3

Rowland, 154 F.3d 952, 957 (9th Cir. 1998).  (ECF No. 15 at 6.)  Local Rule 260 also provides the standards for filing a motion for summary judgment.  Fed. R. Civ. P. 56.

In light of the deficiencies in plaintiff's motion, the motion is dismissed without prejudice to renewal.  That said, plaintiff is again advised that at this time, a motion for summary judgment is premature.  Until discovery is resolved, plaintiff should refrain from renewing his motion for summary judgment.

Extension of Pretrial Motions Deadline

Given the pending motion to compel, the pretrial motions deadline is extended to July 16, 2021.  In all other respects, the August 30, 2020 scheduling order remains in effect.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 97) is denied;

2. Defendant's motion for terminating sanctions (ECF No. 106) is denied without prejudice;

3. Within fourteen days from the date of this order, defendant shall file with the court a copy of defendant's request for production of documents (set one) and request for admissions (set one) propounded to plaintiff, and referencing defendant's February 12, 2021 motion to compel (ECF No. 89);

4. Plaintiff's motion (ECF No. 112) is dismissed without prejudice; and

5. The pretrial motions deadline is extended to July 16, 2021.  In all other respects, the August 30, 2020 scheduling order remains in effect.

Dated:  April 9, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/bled2710.mtc.2