UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL BLEDSOE, SR., | No. 2:18-cv-2710 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| SGT. MARTINEZ, et al., | |
| Defendants. | |

Plaintiff is a former county jail inmate, proceeding pro se, with this civil rights action seeking relief pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's claim that defendant Martinez violated plaintiff's First Amendment rights by retaliating against plaintiff for filing a grievance against Martinez. (ECF Nos. 11; 12.) Defendant's fully-briefed motion to compel discovery responses is before the court. As discussed below, defendant's motion is granted, and defendant's counsel is awarded expenses in the amount of $1,000.00.

I. Defendant's Motion to Compel

On February 12, 2021, defendant filed a motion to compel answers to request for admissions (set one) and request for production of documents (set one), and a request for sanctions.[1] Defendant declares that the discovery was served on plaintiff on December 18, 2020,

---

[1] Defendant also propounded interrogatories. Plaintiff provided responses. (ECF No. 89-2 at 2.)

1

and that under the court's scheduling order, plaintiff's responses were due by February 1, 2021. Plaintiff failed to provide any responses.[2] Two days after the responses were due, counsel sent plaintiff a meet and confer letter granting him until February 10, 2021, in which to respond. (ECF No. 89-2 at 8.) However, by February 12, 2021, plaintiff had not responded to either discovery request.

Plaintiff filed an opposition to the motion, claiming he did not receive the discovery until December 26, 2020.[3] (ECF No. 101.) He contends that the mail too "extra long due to Covid-19." (ECF No. 101 at 2.)

In reply, defendant argues that the date plaintiff received the discovery responses is inconsequential, particularly since the discovery order granted plaintiff 45 days to respond, and counsel granted plaintiff an additional week to respond. In any event, defendant again argues that plaintiff has repeatedly violated this court's discovery order and the Federal Rules of Civil Procedure by failing to timely provide discovery. (ECF No. 104.) Defendant asks the court to order plaintiff to provide the discovery responses, and to pay sanctions in the amount of $1,000.00 for his continued violation of court orders. Counsel provided a supplemental declaration supporting his request for sanctions. (ECF No. 104-1 at 1-2.)

II. <u>Legal Standards Governing Discovery</u>

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." <u>Id.</u> The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained

---

[2] On April 22, 2021, defendant provided copies of discovery requests at issue. (ECF No. 115.)

[3] The court observes that plaintiff has started including opposing counsel's name and address in the address block of plaintiff's own filings. (<u>See</u>, e.g., ECF Nos. 85, 86, 90, 93, 94, 97, 98, 101, 102, 109, 112.) Plaintiff is advised that his filings must contain only his name, address and phone number in the upper left-hand corner. Fed. R. Civ. P. 11(a). Unless he is filing a joint stipulation, and defense counsel has reviewed and signed the joint filing, plaintiff should not include defense counsel's name and address in plaintiff's address block of future filings.

from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The purpose of discovery is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted), and "to narrow and clarify the basic issues between the parties," Hickman v. Taylor, 329 U.S. 495, 501 (1947).

Under Federal Rule of Civil Procedure 37(a)(3)(B), a motion to compel may be made if "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). The party seeking to compel discovery has the burden of showing that the discovery sought is relevant or that its denial will cause substantial prejudice. Aros v. Fansler, 548 F. App'x 500, 501 (9th Cir. 2013) (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)). The opposing party is "required to carry a heavy burden of showing why discovery was denied." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). With respect to requests for admission, the Federal Rules provide that the failure to timely respond results in the matters being automatically deemed admitted. Fed. R. Civ. P. 36(a)(3). "A matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

III. Discussion

Defendant served the request for admissions on December 18, 2020. (ECF No. 89-2 at 5.) Thus, under the scheduling order, plaintiff's responses were due on or before February 1, 2021. (ECF No. 40 at 5.) As argued by defendant, the deadline for responding to discovery requests is calculated from the date of service of the discovery requests. "Responses to written discovery requests shall be due forty-five days after the request is served." (ECF No. 40 at 5.) When plaintiff did not serve a timely response to the request for admissions, he was offered an extension of time to February 10, 2021, to respond to the discovery requests. (ECF No. 89-2 at 8.) Plaintiff

again did not respond to either discovery request. In addition, in his opposition to the motion, plaintiff did not explain his failure to provide documents or respond to the written discovery requests. Plaintiff did not address the request for admissions. (ECF No. 101.)

By failing to timely object to the request for production of documents, set one, plaintiff has waived any objections to the request for production of documents. Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992); see also Oxford St. Properties LLC v. Robbins, 2011 WL 13214031, at *3 (C.D. Cal. Nov. 30, 2011) (affirming magistrate judge's holding that party waived objections by failing to timely respond to request for production of documents); Westbrook v. GES Exposition Servs., Inc., 2006 WL 8441954, at *2 (D. Nev. May 24, 2006) ("Although Rule 34 does not contain an express provision that objections to requests for production are waived if responses and objections are not timely served, the courts have interpreted the rule regarding waiver of objections consistent with Rule 33."). Within thirty days from the date of this order, plaintiff shall respond to the request for production of documents, without objection.

Unlike the failure to respond to other discovery requests, upon the failure to respond to a request for admission the matter is deemed admitted. Fed. R. Civ. P. 36(a)(3). Rule 36(a) is self-executing and the failure to timely respond to requests for admissions results in automatic admission of the matters requested. F.T.C. v. Medicor LLC., 217 F.Supp.2d 1048, 1053 (C.D. Cal. 2002) (citation omitted). Once a matter is admitted, it "is conclusively established unless the court on motion permits withdrawal or amendment of the admission" pursuant to Rule 36(b). Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007).

Due to plaintiff's failure to respond to defendant's requests for admissions, the matters contained therein are deemed admitted pursuant to Fed. R. Civ. P. 36(a).

Request for Sanctions

Defendant moves for sanctions based on plaintiff's failure to provide any valid justification for failing to respond to the written discovery requests. (ECF No. 1 at 6.) In his February 19, 2021 opposition, plaintiff failed to address the issue of sanctions or expenses.

////

4

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, if the motion to compel is granted, the court must order the offending party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). An award of expenses is mandatory under Rule 37(a)(5) unless the party shows that the failure to respond was substantially justified or that an award of expenses would be unjust. Infanzon v. Allstate Ins. Co., 335 F.R.D. 305, 311 (C.D. Cal. 2020). It is the burden of the party being sanctioned to establish this substantial justification or the existence of special circumstances. Infanzon, 335 F.R.D. at 311.

Here, two days after the response deadline passed, defendant's counsel wrote plaintiff a meet and confer letter. (ECF No. 89-1 at 5; 89-2 at 8.) As of the date the instant motion was filed, February 12, 2021, plaintiff failed to respond to either the written discovery requests at issue here, or to the meet and confer letter. (ECF No. 89-1 at 5.) In opposition to this motion, plaintiff failed to demonstrate that his failure to respond was substantially justified; or that other circumstances make an award of expenses unjust. Accordingly, the undersigned determines that an award of reasonable expenses is warranted.

The court now calculates the appropriate and reasonable attorney's fees. Defendant seeks attorney fees in the amount of $1,000.00 for preparing the instant motion, memorandum of points and authorities in support, the declarations of counsel with supporting exhibits, and reply brief. (ECF No. 89-2 at 2; 104-1.) To determine if the amount requested is reasonable, courts use the lodestar method which multiplies the number of hours reasonably expended by counsel by the reasonable hourly rate. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013); Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008); Infanzon, 335 F.R.D. at 314.

Counsel seeks $200.00 per hour for the five hours expended in this action. Judges of the Eastern District of California have found reasonable hourly rates to range from $200.00 to $425.00 per hour. In re Taco Bell Wage & Hour Actions, 222 F.Supp.3d 813, 838 (E.D. Cal.

2016); Timmerman Starlite Trucking, Inc. v. Ingredion Incorporated, 2020 WL 6158241 (E.D. Cal. Oct. 21, 2020) (setting fee rate at $350.00 per hour).  Counsel for defendant did not set forth his experience, but the undersigned takes judicial notice of records of the California State Bar showing that he was admitted on December 17, 1991.[4]  Attorneys with less than fifteen years of experience are awarded hourly rates of $250 to 300 per hour.  Perkins v. City of Modesto, 2020 WL 4547325, at *2 (E.D. Cal. Aug. 6, 2020); see also Atayde v. Napa State Hosp., 2020 WL 2770061, at *13 (E.D. Cal. May 28, 2020) (finding $350.00 per hour to be a reasonable hourly rate for an attorney with 13 years of experience in civil rights case).  Defendant's counsel has almost thirty years' experience as a lawyer.  Thus, the undersigned finds that the rate of $200.00 per hour for the services of Mr. Berry is reasonable.

Defendant is only seeking to be reimbursed for the time spent in preparing the motion to compel and supporting declarations which were necessary due to plaintiff's failure to respond to the initial discovery requests, as well as counsel's reply brief.  The court finds that five hours is a reasonable amount of time for preparing the instant motion to compel and its attendant briefing.  Defendant's counsel is awarded attorney fees in the amount of $1,000.00 for the costs incurred due to plaintiff's failure to respond to the discovery requests.

Unauthorized Filing

On April 15, 2021, plaintiff filed a document styled, "Objection on Defendant's Motion for Sanctions for Plaintiff's Failure to Cooperate With Discovery."  (ECF No. 114.)  Plaintiff's filing is untimely and unauthorized under Local Rule 230(l), which contemplates the filing of a motion, an opposition, and a reply.  Plaintiff did not seek court permission to file additional briefing, and his document was filed almost two months after plaintiff's opposition was filed.

But even assuming plaintiff's filing was timely, his argument is unavailing.  Plaintiff claims that he should not be sanctioned for his failure to respond to the request for production of documents because the requested documents "have been on file with the court since 2018 listed as

---

[4] See http://http://members.calbar.ca.gov/fal/Licensee/Detail/155091.  The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).

6

exhibits." (ECF No. 114 at 2.) "All information requested was in first complaint and in amended complaints." (Id.) Plaintiff is advised that defendant is not required to review various court filings in an effort to deduce what documents plaintiff contemplates using in connection with pretrial motions or at trial. Rather, parties are required to respond to discovery requests so that the parties may identify and narrow issues. Hickman, 329 U.S. at 501. Moreover, plaintiff's filing demonstrates that his failure to respond to the request for production of documents was intentional and willful.

Plaintiff's continued failure to cooperate in discovery has delayed this case and caused defendant to incur additional attorney fees in defending this action. Indeed, in addressing defendant's prior motion for terminating sanctions, plaintiff was warned that monetary expenses are required under Rule 37 where the party fails to act. (ECF No. 88 at 9.) Under the Federal Rules, parties are required to cooperate in discovery, and are subject to sanctions based on their failure to do so.

Plaintiff shall respond to defendant's request for production of documents, set one, within thirty days from the date of this order. Plaintiff is cautioned that failure to timely respond, as ordered, will result in a recommendation that this action be dismissed based on plaintiff's repeated failure to cooperate in discovery. See Fed. R. Civ. P. 37(b)(2)(A) (sanctions may be imposed for failure to comply with a discovery order); Fed. R. Civ. P. 37(d)(3) (sanctions may be imposed for failure to serve answers to interrogatories or to respond to request for production of documents).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel (ECF No. 89) is granted.

2. Within thirty days from the date of this order, plaintiff shall respond to the request for production of documents, set one, without objection.

3. The matters included in defendant's request for admissions, set one, are deemed admitted. Fed. R. Civ. P. 36(a).

////

////

4. Within sixty days from the date of this order, plaintiff shall pay defendant's counsel the sum of $1,000.00 for the reasonable expenses incurred in bringing the instant motion to compel.

Dated: May 27, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/bled2710.mtc2/bled2710.dsc.sanc