1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DONNELL BLEDSOE,                         No.  2:18-cv-2710 JAM KJN P

12                   Plaintiff,

13          v.                                 ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14    SAN JOAQUIN COUNTY JAIL,

15                   Defendants.

16

17    I.  Introduction

18          Plaintiff is a former county jail inmate, proceeding without counsel.  Cross-motions for

19    summary judgment and defendant Martinez's motions to strike and for terminating sanctions are

20    before the court.[1]  As set forth more fully below, the undersigned finds that plaintiff's first motion

21    for summary judgment should be denied; defendant's motion to strike plaintiff's second motion

22    for summary judgment is granted; defendant's motion for summary judgment should be denied

23    without prejudice; and defendant's motion for terminating sanctions is denied.

24    II.  Plaintiff's Claims

25          This action proceeds on plaintiff's retaliation claim against defendant Martinez based on

26

27    _____
      [1]  Plaintiff included no charging allegations as to the county jail; thus, plaintiff's second amended
      complaint proceeds solely as to defendant Sgt. Martinez.  (ECF No. 12 at 1.)
28

1

1  defendant allegedly planting evidence on plaintiff causing him to serve extra days in jail, which

2  plaintiff alleges was done in retaliation for excessive grievances and implicating defendant in a

3  grievance plaintiff filed against Lt. Leatuge.  (ECF No. 11.)

4  II.  Motion for Summary Judgment - General Legal Standards

5          Summary judgment is appropriate when it is demonstrated that the standard set forth in

6  Federal Rule of Civil procedure 56 is met.  "The court shall grant summary judgment if the

7  movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

8  judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[T]the moving party always bears the

9  initial responsibility of informing the district court of the basis for its motion, and identifying

10 those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file,

11 together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue

12 of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting then-numbered

13 Fed. R. Civ. P. 56(c)).  "Where the nonmoving party bears the burden of proof at trial, the moving

14 party need only prove that there is an absence of evidence to support the non-moving party's

15 case."  Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.),

16 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp., 477 U.S. at 325); see also Fed. R. Civ. P.

17 56 advisory committee's notes to 2010 amendments (recognizing that "a party who does not have

18 the trial burden of production may rely on a showing that a party who does have the trial burden

19 cannot produce admissible evidence to carry its burden as to the fact").  Indeed, summary

20 judgment should be entered, after adequate time for discovery and upon motion, against a party

21 who fails to make a showing sufficient to establish the existence of an element essential to that

22 party's case, and on which that party will bear the burden of proof at trial.  Celotex Corp., 477

23 U.S. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving

24 party's case necessarily renders all other facts immaterial."  Id. at 323.

25          Consequently, if the moving party meets its initial responsibility, the burden then shifts to

26 the opposing party to establish that a genuine issue as to any material fact actually exists.  See

27 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to

28 establish the existence of such a factual dispute, the opposing party may not rely upon the

allegations or denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists.  See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987), overruled in part on other grounds, Hollinger v. Titan Capital Corp., 914 F.2d 1564, 1575 (9th Cir. 1990).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 630.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Liberty Lobby, Inc., 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for

1 | trial.'" <u>Matsushita</u>, 475 U.S. at 586 (citation omitted).

2 | III.  <u>Rand Notice</u>

3 | On September 12, 2019, the court informed plaintiff of the requirements for opposing a

4 | motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  (ECF No.

5 | 15 at 3), citing <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (*en banc*).  However, in such

6 | order, defendant was also cautioned that

7
8
9 |
> defendant must contemporaneously serve with the motion [for summary judgment], but in a separate document, a copy of the attached <u>Rand</u> Notice.  <u>See</u> <u>Woods v. Carey</u>, 684 F.3d 934, 935 (9th Cir. 2012); <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998).  **Failure to do so may constitute grounds for denial of the motion.**

10 | (ECF No. 15 at 4.)

11 | The undersigned reviewed defendant's motion, and no separate <u>Rand</u> notice was provided

12 | to plaintiff.  The Court of Appeals for the Ninth Circuit requires that defendants provide prisoners

13 | with the notice required by <u>Rand</u> at the same time the defendant files a motion for summary

14 | judgment.  <u>Woods</u>, 684 F.3d at 935 ("<u>Rand</u> . . . notice[] must be served concurrently with . . .

15 | motions for summary judgment.")  Thus, defendant's motion for summary judgment should be

16 | denied without prejudice to renewal upon a showing that contemporaneous <u>Rand</u> notice was

17 | provided.

18 | IV.  <u>Plaintiff's Motions for Summary Judgment</u>

19 | <u>First Motion</u>

20 | On July 2, 2021, plaintiff filed his first motion for summary judgment.

21 | "Prisoners have a First Amendment right to file grievances against prison officials and to

22 | be free from retaliation for doing so." <u>Watison v. Carter</u>, 668 F.3d 1108, 1114 (9th Cir. 2012)

23 | (citing <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the

24 | prison context has five elements:  "(1) An assertion that a state actor took some adverse action

25 | against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4)

26 | chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

27 | advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir.

28 | 2005).

4

Here, as argued by defendant, plaintiff provided no evidence in support of his motion.  He did not even provide his own declaration.  Absent such evidence, this court cannot find that there are no material disputes of fact in connection with plaintiff's First Amendment claims.  In addition, plaintiff included irrelevant arguments concerning his demand for damages, and prior sanctions orders, including a request that the balance due on such sanctions orders be applied to any judgment plaintiff is awarded.

Plaintiff also seeks attorney's fees, despite the fact that he is proceeding without counsel.  (ECF No. 120 at 6.)

Finally, plaintiff complains that defendants have failed to comply with their obligations to make initial discovery disclosures.  However, initial disclosures are exempt in "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision."  Fed. R. Civ. P. 26(a)(1)(B)(iv).  A proceeding that is exempt from initial disclosures is also exempt from a Rule 26(f) conference.  Fed. R. Civ. P. 26(f)(1).  At the time plaintiff brought this action, he was a state prisoner.  Therefore, initial disclosures were not required.

Then, on July 30, 2021, after defendant filed an opposition, plaintiff filed a document entitled "Plaintiff's Separate Statement of Undisputed Facts."  (ECF No. 124.)  Such filing is untimely because Local Rule 260(a) requires that statements of undisputed facts must accompany the motion.  L.R. 260(a).  To the extent such filing could be construed as plaintiff's reply, it appears that plaintiff attempted to demonstrate that his evidence is undisputed, but despite his citation to various exhibits, plaintiff provided no exhibits for the court to review.  Rather, plaintiff refers to documents he apparently provided to defendant in discovery.  Plaintiff is required to provide the court with exhibits he wishes the court to consider in addressing his motion.  Plaintiff then again raises his objection that defendant failed to provide initial disclosures, which is again overruled.[2]

Plaintiff's motion is procedurally deficient and wholly lacks evidentiary support.

---

[2] Plaintiff also claims that he would mail counsel another $200.00 toward sanctions on August 3, 2021.  (ECF No. 124 at 7.)

1    Accordingly, plaintiff's motion should be denied.

2           Second Motion

3           On August 3, 2021, plaintiff filed a second motion for summary judgment.  On August 31,

4    2021, defendant filed a motion to strike plaintiff's second motion.

5           As argued by defendant, plaintiff's second motion is duplicative of his first motion and is

6    again procedurally defective.  Only the last one and a half pages are different from the first

7    motion, and do not contain any new arguments.  Plaintiff's second motion again contains no

8    evidence.[3]

9           Accordingly, defendant's motion to strike plaintiff's second motion for summary

10   judgment is granted.

11   V.  Defendant's Motion for Terminating Sanctions

12          Defendant again moves to terminate this action based on plaintiff's failure to pay the

13   court-ordered sanctions of $1500.00 in full.  (ECF Nos. 88, 117.)  The standards governing

14   terminating sanctions were provided in the court's February 9, 2021 order.  (ECF No. 88 at 3-4.)

15   The record reflects that plaintiff has paid $600.00 toward sanctions, and more recent filings

16   indicate plaintiff may have made at least one additional payment toward the sanctions order.

17   Therefore, the undersigned declines to recommend terminating sanctions at this time.

18   VI.  Subsequent Briefing/Objections

19          Because defendant must refile the motion for summary judgment and provide

20   contemporaneous Rand notice, objections to briefing and defendant's motion to strike plaintiff's

21   subsequent statement are now moot.  However, plaintiff is cautioned that Local Rule 230(l)

22   provides for a motion, an opposition, and a reply.  Therefore, once defendant renews the motion

23   for summary judgment, plaintiff may file one opposition.  If plaintiff intends to file a statement of

24   undisputed facts in support of his opposition, he must file it with his opposition, at the same time.

25   ////

26   ////

27

28   ---
     [3]  Plaintiff provides a copy of a $200.00 payment to defense counsel toward sanctions.  (ECF o.
     125 at 10.)

6

VII.  Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendant's motion to strike plaintiff's successive motion for summary judgment (ECF No. 129) is granted;

2.  The Clerk of the Court shall strike plaintiff's successive motion (ECF No. 125);

3.  Defendant's motion for terminating sanctions (ECF No. 130) is denied without prejudice.

4.  Defendant's motion to strike (ECF No. 140) is denied as moot.

Further, IT IS RECOMMENDED that:

1.  Plaintiff's motion for summary judgment (ECF No. 120) be denied;

2.  Defendant's motion for summary judgment (ECF No. 128) be denied without prejudice to renewal upon providing contemporaneous Rand notice to plaintiff.  Such renewed motion shall be filed within thirty days from any district court order adopting the instant findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 18, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bled2710.msj.pro

7