UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONELL BLEDSOE,<br><br>  Plaintiff,<br><br>  v.<br><br>SGT. MARTINEZ, et al,<br><br>  Defendants. | No.  2:18-cv-02710-DAD-JDP (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART, DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,<br><br>(Doc. Nos. 154, 167) |

Plaintiff Donell Bledsoe is a former county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 28, 2022, the assigned magistrate judge issued findings and recommendations, recommending that defendant's motion for summary judgment (Doc. No. 154) be granted in part and denied in part.  (Doc. No. 167.)  Specifically, the magistrate judge recommended that defendant should be granted summary judgment with respect to plaintiff's false imprisonment claim and claim of retaliation related to an administrative grievance filed by plaintiff on April 19, 2017, and denied summary judgment as to plaintiff's retaliation claim related to events allegedly occurring on April 16, 2017.  (*Id.*)  The findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days of

service. (*Id.* at 22–23.) Plaintiff filed timely objections. (Doc. No. 168.) Defendant filed a response to plaintiff's objections, and plaintiff filed a response thereto. (Doc. Nos. 169, 170.)

Plaintiff's objections are extensive. First, plaintiff objects to the findings and recommendations citing Rule 48 of the Federal Rules of Criminal Procedure (Doc. No. 168 at 2–3), but that rule is inapplicable in civil actions such as this one. Plaintiff next contends that defendant's motion for summary judgment must be denied because it is based on perjurious statements made in defendant's declaration submitted in support of summary judgment. (*Id.* at 3–5.) However, plaintiff provides no evidence to substantiate his claim of perjury. Of course, unsubstantiated allegations are insufficient at summary judgment. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.11 (1986) (holding that reliance upon allegations or denials of pleadings is insufficient for summary judgment, and that the party opposing summary judgment must present evidence of specific facts in the form of affidavits, and/or admissible discovery material). Plaintiff next accuses the court of judicial misconduct due to the reassignment of the instant action. (Doc. No. 168 at 6–7.) This accusation is baseless. This action was reassigned to Chief District Judge Kimberly J. Mueller on July 27, 2022 because formerly-assigned District Judge John A. Mendez took senior status and for no other reason. (Doc. No. 166.) The undersigned was assigned to preside over this action on August 25, 2022 for the purposes of equitable division of cases among district judges and judicial efficiency. (Doc. No. 171.) Such reassignments were not limited to this matter, and have no ulterior motive beyond the administrative purposes stated in the reassignment orders. Furthermore, plaintiff's claim that the reassignment of his matter was designed to prevent his case from moving forward is obviously unsubstantiated. (Doc. No. 168 at 11.) Plaintiff is reminded that summary judgment requires a much more substantial showing of evidence than required at earlier stages of the litigation, and claims that survived a motion to dismiss may not survive summary judgment based upon the evidence submitted and considered on summary judgment. Plaintiff subsequently reiterates many of the same statements previously made in support of his retaliation claims in his opposition to defendant's motion for summary judgment, which the magistrate judge already appropriately considered in the pending findings and recommendations.

1  (*Id.* at 7–11.) The undersigned finds plaintiff's objections to be unpersuasive. Similarly, plaintiff
2  reiterates statements made in support of his false imprisonment claim, but his objections do not
3  address the magistrate judge's reasoning that the evidence submitted on summary judgment,
4  including plaintiff's sentence involving imprisonment, do not support the required elements of a
5  false imprisonment claim. (*Id.* at 13–17.) Confusingly, the remainder of plaintiff's objections are
6  an apparent attempt to relitigate his retaliation claim, based on the alleged events of April 16,
7  2017, a claim as to which the magistrate judge recommended that defendant's motion for
8  summary judgment be denied. (*Id.* at 18–29.)
9        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
10 court has conducted a *de novo* review of this case. Having carefully reviewed the entire file,
11 including plaintiff's objections, the court finds the findings and recommendations to be supported
12 by the record and proper analysis.
13       Accordingly,
14       1.    The findings and recommendations issued on July 28, 2022 (Doc. No. 167) are
15            adopted in full;
16       2.    Defendant's motion for summary judgment (Doc No. 154) is granted in part,
17            denied in part as follows:
18            a.   Summary judgment is granted in defendant's favor as to the following claims:
19               i.  Plaintiff's claim that defendant Martinez retaliated against plaintiff for
20                  filing an inmate grievance against Martinez on April 19, 2017; and
21               ii.  Plaintiff's putative false imprisonment claim;
22            b.   Summary judgment is denied as to plaintiff's claim that defendant Martinez
23              retaliated against plaintiff on April 16, 2017; and
24       3.    This case is referred back to the assigned magistrate judge for further proceedings.
25       IT IS SO ORDERED.
26 Dated:   **September 10, 2022**
27                                            UNITED STATES DISTRICT JUDGE
28