UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL BLEDSOE,<br><br>   Plaintiff,<br><br>   v.<br><br>SGT. MARTINEZ, et al,<br><br>   Defendants. | No. 2:18-cv-02710-DAD-KJN (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. No. 173) |

Plaintiff Donnell Bledsoe is a former county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

This matter is before the court on plaintiff's "Objection to Order Adopting Findings and Recommendations and Granting in Part, Denying in Part, Defendant's Motion for Summary Judgment," which the court will construe as a motion for reconsideration of the court's September 12, 2022 order (Doc. No. 172). (Doc. No. 173.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."

Fed. R. Civ. P. 60(b). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Here, plaintiff's motion does not identify any basis under Rule 60(b) upon which this court should reconsider its order. Rather, in his motion, plaintiff merely reiterates the objections that he had filed in response to the findings and recommendations—objections that the undersigned already thoroughly considered and addressed in the September 12, 2022 order. (*See* Doc. No. 172 at 2–3.) Specifically, plaintiff reiterates his contention that defendant Martinez "committed perjury" in the declaration he filed in support of defendants' motion for summary judgment. (Doc. No. 173.) Yet, in the September 12, 2022 order, the court rejected this same assertion by plaintiff "that defendant's motion for summary judgment must be denied because it is based on perjurious statements made in defendant's declaration submitted in support of summary judgment." (Doc. No. 172 at 2.) Because plaintiff's restatement of his "objections" in the pending motion do not serve as a basis for this court to reconsider its September 12, 2022, the court will deny plaintiff's motion for reconsideration.

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 173) is denied; and

2. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **October 28, 2022**

UNITED STATES DISTRICT JUDGE

2