UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL BLEDSOE, | No. 2:18-cv-2710 DAD KJN P |
| Plaintiff, | |
| v. | ORDER |
| SGT. MARTINEZ, et al., | TCH: October 10, 2023, 1:30 p.m. Zoom DAD |
| Defendants. | JT: November 27, 2023, 9:00 a.m. DAD |

Plaintiff is a former county jail inmate, proceeding pro se and in forma pauperis. Plaintiff requests that the court order defendant to produce two witnesses for trial, Officer Smith, and an unidentified Custody Captain, both employed at the San Joaquin Jail. As discussed below, plaintiff's requests are denied as untimely.

Background

On August 13, 2020, the undersigned issued the discovery and scheduling order, in which plaintiff was first notified of his obligation to file motions for the attendance of witnesses at trial at the time he filed his pretrial statement. (ECF No. 40 at 1-4.)

On December 17, 2020, the scheduling order was modified, but the parties were reminded that in all other respects, the prior scheduling order remained in effect. (ECF No. 76 at 3.) On February 9, 2021, discovery was reopened for the sole purpose of taking plaintiff's deposition. (ECF No. 88.)

1

1    On April 9, 2021, the pretrial motions deadline was extended.  (ECF No. 113.)

2    On May 28, 2021, defendant's motion to compel was granted, and the requests for admissions, set one, were deemed admitted.  (ECF No. 117.)  On July 8, 2021, the pretrial motions deadline was again extended.  (ECF No. 121.)

On July 28, 2022, the undersigned issued findings and recommendations on defendant's motion for summary judgment.  (ECF No. 167.)  The findings and recommendations noted plaintiff's contention that the face of the fourth level grievance demonstrates the form was submitted to Officer Smith (ECF No. 167 at 9, 15-17), and also referred to the custody captain, noting that no party provided a declaration from the custody captain to whom the grievance was to be forwarded on March 30, 2017 (ECF No. 167 at 7, 8 & 18).  The findings and recommendations were adopted in full on September 12, 2022.  (ECF No. 172.)

On September 27, 2022, by further scheduling order, plaintiff was ordered to file his pretrial statement and any motions necessary to obtain the attendance of witnesses at trial on or before December 14, 2022, repeating the detailed instructions included in the court's initial discovery and scheduling order.  (ECF No. 174 at 2-5.)

Plaintiff did not timely file a pretrial statement, and on January 4, 2023, defendant filed a pretrial statement (ECF No. 188).  On January 17, 2023, plaintiff was ordered to show cause why this action should not be dismissed based on his failure to comply with the court order, and to file a pretrial statement.  (ECF No. 193.)  Subsequently, plaintiff filed a pretrial statement and response; on January 27, 2023, the order to show cause was discharged and plaintiff was ordered to comply with the September 27, 2022 order and file a pretrial statement that complied with Local Rule 281.  (ECF No. 195.)

On February 8, 2023, plaintiff filed a pretrial statement, but did not file any motion for the attendance of witnesses at trial.  (ECF No. 196.)

On May 30, 2023, the undersigned issued the pretrial order and provided that any objections were to be filed within fourteen days.  (ECF No. 198.)  Plaintiff filed no objections.

////

////

On June 29, 2023, the pretrial order was modified solely as to dates for the trial confirmation hearing and jury trial, and the parties were informed that "[i]n all other respects the May 30, 2023 pretrial order is final." (ECF No. 204 at 2.)

On July 14, 2023, plaintiff filed a document styled, "Plaintiff's Response to Pretrial Order and Request 4th Level Grievance and Officer Smith as Witness." (ECF No. 205.) Plaintiff claims to "promptly" inform the court and defendant of the existence of an unlisted witness, Officer Smith, so that the court may consider whether Smith should be permitted to testify at trial. (Id. at 1.) Plaintiff seeks the testimony of Smith as to whether Smith signed the fourth level grievance (Exhibit "A") in question as the evidence allegedly planted by defendant Martinez. Plaintiff claims he does not have access to properly serve Officer Smith, and because Smith works at the San Joaquin County Jail, it is very easy for defendant's counsel to have Smith subpoenaed along with defendant's other witnesses. (Id. at 2.) Plaintiff seeks an order requiring Officer Smith to appear at trial, along with Exhibit "A," the fourth level grievance signed by Smith. (Id.) Plaintiff did not provide a copy of Exhibit "A."

On July 19, 2023, plaintiff filed a second response to the pretrial order requesting that "Custody Captain" testify at the trial. (ECF No. 206.) Plaintiff claims to "promptly" inform the court and defendant of the existence of an unlisted witness, "the custody captain." (ECF No. 206 at 1.) Plaintiff asks that such witness be called to court in advance so the court may consider whether the witness is permitted to testify at the trial to see whether or not he received plaintiff's fourth level grievance, repeats his request that Officer Smith be called to testify, and claims he does not have access to properly serve the custody captain and Officer Smith. Because they are employed by the San Joaquin County Jail, plaintiff avers that it is easy for the court and defendant's attorney to have both witnesses subpoenaed along with defendant's other witnesses. (ECF No. 206 at 2.) Plaintiff inquired why defendant did not already include such witnesses to testify whether or not Officer Smith's signature on the fourth level grievance is authentic and whether the custody captain received plaintiff's fourth level grievance. Plaintiff also requests physical inspection of the fourth level grievance by the jury.

////

Discussion

Plaintiff's requests are not prompt, and long overdue. Despite the court's detailed orders instructing plaintiff how to go about obtaining witness testimony at trial, plaintiff failed to timely file an appropriate motion to obtain the attendance of witnesses, initially due December 14, 2022, then extended to February 17, 2023 (ECF No. 195). Even if plaintiff was relying on defendant to call such witnesses, defendant filed the pretrial statement on January 4, 2023, putting plaintiff on notice that defendant was not calling Officer Smith or the unidentified custody captain. Plaintiff waited over six months after such filing to make his current requests.

In addition, plaintiff failed to timely file objections to the May 30, 2023 pretrial order, which provided that objections were to be filed within fourteen days. Plaintiff filed no objections.

Plaintiff fails to explain or address his lack of diligence or his continued disregard for obeying court deadlines. The fact that it would be easier for defendant's counsel to obtain such witness testimony is not the standard. Plaintiff is required to call his own witnesses. Moreover, if a witness refuses to testify voluntarily, plaintiff was required to tender daily witness fees of $40.00 plus the witness' travel expenses to the U.S. Marshal for service of process. (ECF No. 174 at 5.) The calling of such witnesses is further complicated by plaintiff's failure to discover each witness' complete name for service of the subpoena. Indeed, plaintiff has no name at all for the proposed witness "Custody Captain."

As to the fourth level grievance, plaintiff did not provide a copy of the document he refers to as "Exhibit 'A.'" None of the documents listed on the current exhibit list refer to an "Exhibit A," but it appears likely that the fourth level grievance is the exhibit marked "C" because it bears the date March 20, 2017, notes "forward to Custody Captain," and includes "Smith" in handwriting in the upper right hand corner. (See ECF No. 154-8 at 24.) If this is the Exhibit "A" referred to by plaintiff, such exhibit has been identified and no further action on plaintiff's part is required. At trial, plaintiff may refer to such exhibit and ask the judge to allow the jury to inspect the exhibit during deliberations.

However, if plaintiff is referring to a different exhibit, he is granted leave to file a motion to amend the exhibit list. Plaintiff must explain his delay in seeking leave to amend the exhibit

4

list and provide a copy of the exhibit to ensure the exhibit is not a duplicate of the Exhibit marked "C." Plaintiff is not required to file such motion if the exhibit marked "C" is the fourth level grievance to which he referred in his current requests.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests that defendant be required to produce Officer Smith and the "Custody Captain" as witnesses at trial (ECF Nos. 205, 206) are denied; and

2. Plaintiff's requests that an "Exhibit 'A'" be produced at trial (ECF Nos. 205, 206) are denied without prejudice. Within fourteen days from the date of this order, plaintiff may file a motion to amend the exhibit list as set forth above.

Dated: August 9, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bled2710.wit